534 A.2d 839

**Gregory ALLEN, Appellant,**

v.

**ERIE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Nov. 4, 1987.

Filed Dec. 21, 1987.

Stephen J. Greenfield, Philadelphia, for appellant.

T. Kevin Fitzpatrick, Philadelphia, for appellee.

Before CIRILLO, President Judge, and OLSZEWSKI and JOHNSON, JJ.

CIRILLO, President Judge:

This is an appeal from an order of the Honorable Charles A. Lord of the Court of Common Pleas of Philadelphia County awarding a verdict in favor of appellee Erie Insurance Company (Erie) in appellant Gregory Allen's suit to recover first-party benefits under the Motor Vehicle Finan-

cial Responsibility Law (the Act), 75 Pa.C.S. §§ 1701–1798, following an automobile accident.

Allen was operating a vehicle owned by Linda Walker when it was involved in an accident. The Walker vehicle was insured by Erie, and the policy in effect at the time of the accident provided for first-party benefits in the form of payment of medical bills and lost wages pursuant to the Act. Erie denied Allen's claim on the grounds, contained in section 1714 of the Act[1], that at the time of the accident Allen was the owner of an uninsured, registered vehicle. Allen was the owner of a 1968 Pontiac Firebird which had been inoperable for some six or seven months before the accident. Allen had maintained the registration on the Firebird because he hoped to return the car to running order. He had, however, allowed the insurance on the vehicle to lapse.

Allen brought suit to recover first-party benefits from Erie alleging his eligibility for such payment from Ms. Walker's insurance company under section 1713(a)(3) of the Act.[2] The matter went to trial and resulted in a verdict for Erie. Allen appeals that verdict to this court.

1. This section of 75 Pa.C.S.A., the interpretation of which is at issue in the instant appeal, reads:
    An owner of a currently registered motor vehicle who does not have financial responsibility [as defined in section 1702] or an operator or occupant of a recreational vehicle not intended for highway use, motorcycle, motor-driven cycle, motorized pedalcycle or like type vehicle required to be registered under this title cannot recover first-party benefits.

2. 75 Pa.C.S. § 1713(a) reads:
    (a) General rule.—Except as provided in section 1714 (relating to ineligible claimants), a person who suffers injury arising out of the maintenance or use of a motor vehicle shall recover first-party benefits against applicable insurance coverage in the following order of priority:
       (1) For a named insured, the policy on which he is the named insured.
       (2) For an insured, the policy covering the insured.
       (3) For the occupants of an insured motor vehicle, the policy on that motor vehicle.
       (4) For a person who is not the occupant of a motor vehicle, the policy on any motor vehicle involved in the accident. For the purpose of this paragraph, a parked and unoccupied motor vehicle

This case presents an issue of law of first impression for this court. There is, however, an excellent court of common pleas opinion addressing the constitutionality of section 1714 on equal protection grounds which we find helpful in the disposition of this appeal. In *Mowrey v. Prudential Property & Casualty Ins. Co.*, 37 Cumb.L.J. 180 (Pa.C.P., Jan. 13, 1987), the Honorable Edgar J. Bayley ruled that application of section 1714 to deny first-party benefits was not unconstitutional where the plaintiff, injured as a passenger in a vehicle insured by Prudential, was the owner of a registered but uninsured vehicle. The plaintiff in that case argued that section 1714 did not set forth a rational basis for her exclusion from first-party benefits because she still would have been entitled to recovery under section 1713(a)(3) if her vehicle were uninsured as long as it was unregistered. Judge Bayley concluded "that the Legislature could properly determine that the potential risk to the financial stability of the insurance system of an operator actually driving an uninsured registered vehicle, was far greater than the potential risk of an operator driving an uninsured unregistered vehicle." 37 Cumb.L.J. at 186–87. He reasoned that "[a] system of mandatory financial responsibility in reference to rights of recovery under section 1714, related only to the use of a vehicle, would be virtually impossible to enforce." *Id.* at 187.

■ We believe Judge Bayley's opinion to be a sound and well-reasoned discussion of the section of the Motor Vehicle Financial Responsibility Law at issue in the instant appeal. Like the plaintiff in *Mowrey*, Allen argues that he should be allowed to recover under section 1713(a)(3) regardless of the registration of a vehicle he owns which was not involved in the accident giving rise to the claim.

Allen offers several bases for his argument. He first points to the legislative intent underlying the enactment of the Motor Vehicle Financial Responsibility Law in 1984. Allen maintains that the principal purpose of the Act is to

is not a motor vehicle involved in an accident unless it was parked so as to cause unreasonable risk of injury.

prevent uninsured motor vehicles from being operated on the highways and that there is no real reason to have an inoperable motor vehicle insured. While this is true, as the trial court pointed out, it may not be the exclusive reason for enactment.

In passing the Act, the Legislature was primarily concerned with the rising consumer cost of automobile insurance, created in part by the substantial number of uninsured motorists who contributed nothing to the pool of insurance funds from which claims were paid. *See* J. Ronca, L. Sloane & J. Mundy, *Pennsylvania Motor Vehicle Insurance*, §§ 1.2(b), 3.2(a); Senate Legislative Journal 1142–54 (Oct. 4, 1983); House Legislative Journal 2138–91 (Dec. 13, 1983). The Act has the effect of requiring all owners of registered vehicles to share in the burden of insurance before they can obtain the benefits. By denying benefits to a certain class of people—those not insuring their registered vehicles—the Act encourages the purchase of insurance by all owners who register vehicles which can be legally operated on the highways. It is logical and reasonable to conclude that any vehicle potentially operable, as evidenced by an owner's registration of such a vehicle, was meant to be included. As our Supreme Court has stated, "[t]he state has a legitimate object in seeing that all motorists are covered by adequate insurance." *Singer v. Sheppard*, 464 Pa. 387, 404, 346 A.2d 897, 906 (1975).

■ Allen next argues that, because his vehicle was not being "maintained or used", he does not fall within the definition of "financial responsibility" in section 1702 of the Act[3] and is therefore excused from the need for financial

3. 75 Pa.C.S. reads, in pertinent part:
   § 1702. **Definitions**
   The following words and phrases when used in this chapter shall have the meanings given to them in this section unless the context clearly indicates otherwise:
   . . . .
   "**Financial responsibility.**" The ability to respond in damages for liability on account of accidents arising out of the maintenance or use of a motor vehicle in the amount of $15,000 because of injury to one person in any one accident, in the amount of $30,000 because of

responsibility as comtemplated by section 1714. We find this argument unpersuasive as it misconstrues the wording of the definition. Financial responsibility refers to the ability to respond in damages in specified situations, namely motor vehicle accidents. Such accidents are not limited to those in which a particular individual's vehicle is involved but, rather, include *any* motor vehicle. The definition reaches well beyond the specific vehicle registered to the person whose financial responsibility may be at issue as the result of any given accident.

The trial court's opinion found that Erie was correct in its denial of benefits and that, although the undisputed testimony showed that by the date of the accident Allen's vehicle had long been inoperable, that in no way entitled him to collect first-party benefits from Erie. The trial court reasoned that section 1714, which makes no distinction between operable and inoperable registered vehicles, was clear and unambiguous and declined to judicially create an "inoperable vehicle" exception to the statute's prohibition on the eligibility for first-party benefits of owners of uninsured registered vehicles. We agree.

When the words of a statute are clear and free from all ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b); *Zimmerman v. O'Bannon*, 497 Pa. 551, 556, 442 A.2d 674, 677 (1982); *see also Chesler v. Government Employees Ins. Co.*, 302 Pa.Super. 356, 361, 448 A.2d. 1080, 1082 (1982), *rev'd on other grounds*, 503 Pa. 292, 469 A.2d 560, *amended on other grounds*, 504 Pa. 427, 475 A.2d 102 (1984). Section 1714 clearly applies to "currently registered motor vehicle[s]." Further, since the legislature did not provide for any exceptions when enacting section 1714, their non-inclusion of exceptions must be construed as intentional

> injury to two or more persons in any one accident and in the amount of $5,000 because of damage to property of others in any one accident. The financial responsibility shall be in a form acceptable to the Department of Transportation.

where there is no other meaning fairly implied from the legislative intent. *Hochgertel v. Canada Dry Corp.,* 409 Pa. 610, 614, 187 A.2d 575, 577 (1963).

To interpret the statute as Allen urges would unnecessarily invite litigation in an area of the law currently easily enforceable. As Judge Lord said in his opinion in this matter,

> To make this exception would obviously create litigation on the question of operability where none was intended. Such questions as: How long is a motor vehicle required to be inoperative before there is coverage? What makes it inoperable—a dead battery? would have to be determined judicially. The legislature obviously did not intend these exceptions to be grafted upon its statute.

Erie correctly notes that the driveability or operability of Allen's vehicle is not a consideration in determining whether he is entitled to recovery of first-party benefits; the guideline is simply whether the vehicle has been registered with the Commonwealth. If it has been and is uninsured at the time of the accident giving rise to the claim for first-party benefits, section 1714 operates to deny recovery. As Judge Bayley said of the plaintiff in *Mowrey,* "[the plaintiff] could have avoided ineligibility to recover first-party benefits under section 1714 by either purchasing adequate insurance, or by not registering the vehicle, or by cancelling the registration on [the] vehicle." 37 Cumb.L.J. at 186. Allen's offered justification that the Commonwealth never notified him of an obligation to turn in the registration once his insurance lapsed is without merit.

For the foregoing reasons we affirm the trial court's verdict in favor of appellee Erie Insurance Company.

ORDER AFFIRMED.