## U.S. Fidelity and Guaranty Co. v. Demko

*William C. Reiley,* for plaintiff.
*Jack E. Feinberg,* for defendant.

RUBRIGHT, *J.,* April 12, 1991—This matter is presently before the court on the plaintiff's motion for judgment on the pleadings. The pleadings establish that the plaintiff, United States Fidelity and Guaranty Company, insured Anna D. Demko of Mahanoy City, Pennsylvania via a motor vehicle

insurance policy which included first-party benefits. Anna D. Demko is the mother of the defendant, John P. Demko. On February 26, 1989, the defendant, while a passenger in a motor vehicle, was involved in an accident resulting in injuries requiring medical treatment and loss of time from work. On August 1, 1989, the defendant submitted an application for first-party benefits under his mother's insurance policy with USF&G. On the application, he indicated that the only automobile owned by him or any member of his family residing in the same household was a 1986 Ford Tempo owned by his mother. In reliance upon the application for benefits, USF&G paid first-party benefits to the defendant totalling $5,737.50. USF&G later learned that the defendant, at the time of the accident, owned a 1978 Buick Regal which held a current registration. USF&G immediately notified the defendant to return the payments made to him because, under section 1714 of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1714, he was not entitled to first-party benefits. The defendant has refused to return the payments and USF&G filed suit to recover them, plus attorney's fees, interest and costs of the action.

The plaintiff has filed the instant motion in which it argues that, since the defendant was the admitted owner of an uninsured registered motor vehicle at the time of the accident, he was not entitled to first-party benefits and he must return the amount paid to him by USF&G. A motion for judgment on the pleadings may be granted in cases which are so free from doubt that a trial would clearly be a fruitless exercise. The motion is in the nature of a demurrer; all of the opposing party's well-pled allegations are viewed as true but only those facts specifically admitted by him may be considered

against him. *Bata v. Central-Penn National Bank of Philadelphia,* 423 Pa. 373, 224 A.2d 174 (1966).

The defendant admits that he was the owner of an "automobile hulk" which was registered to him at the time of the accident. However, he argues that since the automobile was not operable at the time of the accident, it was not a motor vehicle within the meaning of the MVFRL. Therefore, it was not required to be insured and section 1714 does not operate to preclude him from collecting first-party benefits. We disagree.

Section 1714 of the MVRFL provides as follows:

"An owner of a currently registered motor vehicle who does not have financial responsibility or an operator or occupant of a recreational vehicle not intended for highway use, motorcycle, motor driven cycle, motorized pedalcycle or like type vehicle required to be registered under this title cannot recover first-party benefits."

The statute creates no exception for inoperable vehicles. It was clearly held in *Allen v. Erie Insurance Co.,* 369 Pa. Super. 6, 534 A.2d 839 (1987), that if a motor vehicle has been registered with the Commonwealth and is uninsured at the time of the accident giving rise to the claim for first-party benefits, section 1714 operates to deny first-party benefits without consideration of the operability or driveability of the vehicle.

In accordance with the holding in *Allen,* we find that the defendant was not entitled to first-party benefits. We also find that the defendant's conduct in refusing to return the payments to USF&G, once demand was made, constituted bad faith. It was made very clear in *Allen* that the operability of the vehicle is irrelevant under section 1714. It is inexcusable for the defendant to have insisted upon retaining the money when he clearly had no right to

it. Therefore, we believe that, under 42 Pa.C.S. §2503, the plaintiff is entitled to a reasonable counsel fee for being forced to commence this lawsuit in order to recover the money to which it is so clearly entitled.

We enter the following

## ORDER

And now, April 12, 1991, upon consideration of the pleadings, it is hereby ordered that plaintiff's motion for judgment on the pleadings is granted.

Judgment shall be entered in favor of the plaintiff in the sum of $5,737.50 plus interest from September 20, 1989, costs of suit, and counsel fees in the amount of $1,000.