## Allen v. Merriweather

*Richard Huninman,* for plaintiff.
*Michael Senoyuit* and *Daniel Latschuler,* for defendant.

DOTY, *J.,* May 17, 1991—This matter comes before this court on defendant Travelers Insurance Company's motion for summary judgment. By order of this court dated January 22, 1991, Traveler's motion was granted and the complaint of plaintiff

Bryant Allen against Pennsylvania Assigned Claims Plan's assignee, Travelers Insurance Company, was dismissed with prejudice as to defendant Travelers Insurance Company only. Thereafter, plaintiff Bryant Allen appealed this decision to the Superior Court (No. 535 PHL 91). We file this opinion in support of our order.

On May 8, 1988, plaintiff Bryant Allen was involved in a motor vehicle accident while driving an automobile registered to his wife, Debra Allen. Plaintiff Bryant Allen filed a complaint on May 8, 1990, against defendant, Travelers Insurance Company, as assignee of the Pennsylvania Assigned Claims Plan for benefits as a result of the aforesaid motor vehicle accident. The Assigned Claims Plan filed an answer and new matter on June 11, 1990, alleging that "plaintiff's cause of action is barred and/or limited by the term and provisions of the Pennsylvania Motor Vehicle Financial Responsibility Act and plaintiff's lack of compliance therewith."

During a deposition of plaintiff taken on September 24, 1990, Bryant Allen testified that on the date of the accident in question, he was married to Debra Allen and they resided in the same household. The vehicle which plaintiff was driving on the day of the accident was owned by his wife, Debra Allen, and the subject vehicle was purchased after he was married to Debra Allen. Under 75 Pa.C.S. §1752(a)(3) of the Pennsylvania Motor Vehicle Financial Responsibility Law, Debra Allen is not eligible to recover benefits from the Assigned Claims Plan because she is the admitted owner of a motor vehicle required to be registered which was not insured. Therefore, if Bryant Allen had an ownership interest in the car involved in the accident, he also is not entitled to first-party benefits.

The question then is whether Brant Allen had an ownership interest in the car involved in the accident. We conclude he did, and, therefore, we dismissed his complaint against the Assigned Claims Plan.

In relevant part, 75 Pa.C.S. §1752(a)(3) states:

"(a) *General Rule*—A person is eligible to recover benefits from the Assigned Claim Plan if the person meets the following requirements:

"(3) Is not the owner of a motor vehicle required to be registered under Chapter 13 (relating to registration of vehicles)."

Thus, the owner of a motor vehicle required to be registered under the Motor Vehicle Code is ineligible to collect from the Assigned Claims Plan. The apparent intention of this section is to prevent vehicle owners who violate the financial responsibility requirements from making claims against the Assigned Claims Plan as he could under the No-fault Act. This exclusion is consistent with the legislature's effort to prevent uninsured owners from obtaining benefits through the motor vehicle insurance system. See *Allen v. Erie Insurance Co.,* 369 Pa. Super. 6, 534 A.2d 839 (1987).

The Motor Vehicle Financial Responsibility Law does not define the word "owner." However, the word is defined in the definitional section of the Vehicle Code (75 Pa.C.S. §102) as:

"A person other than a lienholder, having a property right in or title to a vehicle. The term includes a person entitled to use and possession of a vehicle subject to a security interest in another person but excludes a lessee under a lease not intended as security."

Although the Vehicle Code does not define "property right," according to Pennsylvania law,

"marital property" is defined as "all property acquired by either party during the marriage." 23 Pa.C.S. §401(e). This statute governs equitable distribution of property in the event of a divorce. However, for the purpose of establishing ownership, it creates a presumption that all such property is marital property regardless of how title in the property is held. 23 Pa.C.S. §401(f).

In the instant case, Bryant Allen was married to Debra Allen when the accident in question occurred. They were not separated or divorced on the date of the accident. In fact, Bryant Allen was driving the car his wife, Debra Allen, owned when the subject accident occurred. Since Bryant Allen enjoyed the use and benefits of the automobile purchased subsequent to his marriage, he is deemed to have a "property right" in his wife's vehicle. Therefore, pursuant to 75 Pa.C.S. §102, he is an "owner" of the motor vehicle involved in this action. Thus, 75 Pa.C.S. §1752(a)(3) bars Bryant Allen from recovery of any benefits from the Assigned Claims Plan in this lawsuit.

Wherefore, the order dated January 22, 1991, granting the motion for summary judgment of defendant Travelers Insurance Company and dismissing the complaint of plaintiff Bryant Allen, is hereby affirmed.