588 A.2d 50

**Elizabeth M. HENRICH and Charles P. Getz, Appellants,**

v.

**HARLEYSVILLE INSURANCE COMPANIES.**

Superior Court of Pennsylvania.

Argued Jan. 30, 1991.

Filed March 20, 1991.

Petition for Allowance of Appeal Granted Aug. 16, 1991.

Soren P. West, Maryland, for appellants.

Melinda Fisher, Lancaster, for appellee.

Before CAVANAUGH, CIRILLO and BROSKY, JJ.

CIRILLO, Judge:

Elizabeth M. Henrich and Charles P. Getz appeal from an order entered on July 23, 1990 granting Harleysville Insurance Companies' ("Harleysville") motion for judgment on the pleadings. We reverse.

On October 2, 1986, Henrich, a passenger in her friend's uninsured motor vehicle, was injured when the vehicle veered off a road and struck a tree. At the time of the accident, Henrich owned a motor vehicle which was registered in this Commonwealth. However, since Henrich had failed to pay her premiums, her vehicle was uninsured as of October 2, 1986.

On April 19, 1986, Harleysville issued an automobile insurance policy to Getz, Henrich's father. The insurance policy provided uninsured motorist coverage in the amount of $100,000.00 for each of three covered automobiles. The insurance agreement concerning uninsured motorist coverage provided as follows:

> We will pay damages which a *covered person* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle* because of bodily injury:
>
> 1. Sustained by a *covered person;* and
> 2. Caused by an accident.
>
> The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the *uninsured motor vehicle.*

(emphasis original). Pursuant to the instant insurance contract, a "covered person" included any family member. A "family member" was defined as "a person related to you [Getz] by blood, marriage or adoption who is a resident of your household...." On the date of the accident Henrich was residing with her father Getz.

Henrich made a claim for uninsured motorist benefits [1] against her father's policy of insurance. Harleysville denied coverage and the instant complaint was filed. At the close of the pleadings, Harleysville's motion for judgment on the pleadings was granted and this timely appeal followed. On appeal, Henrich essentially raises one issue: whether the Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S. § 1701 *et seq.*, precludes her, as the owner of an uninsured vehicle which is registered in this Commonwealth, from recovering uninsured motorist benefits pursuant to her father's policy of insurance. Our examination of the MVFRL and relevant case law leads us to conclude that Henrich is not statutorily precluded from recovering uninsured motorist benefits.

In reviewing the grant of a motion for judgment on the pleadings we employ the same standard as the trial court. *Jones v. Travelers Insurance Co.,* 356 Pa.Super. 213, 216–17, 514 A.2d 576, 578 (1986). Therefore, we must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by Henrich, the party against whom the motion has been

---

1. We note that the term "uninsured motorist benefits" is not specifically defined in the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701 *et seq.*

granted. *Id.* We may affirm the grant of judgment on the pleadings only where the case is so free from doubt that trial would be a fruitless exercise. *Id.*

Viewed in the requisite light, the facts reveal that Getz's automobile insurance policy with Harleysville was in effect when his daughter Henrich was injured while a passenger in an uninsured motor vehicle. Getz's insurance policy provided for uninsured motorist benefits for "covered persons." Since Henrich was Getz's daughter and resided with Getz, she was a "covered person" pursuant to the instant insurance policy. Nonetheless, Harleysville maintains that, pursuant to section 1714 and the underlying purpose of the MVFRL as set forth in recent decisions of this court, Henrich cannot recover *any* insurance benefits because she owned a registered but uninsured motor vehicle.

Section 1714 provides:

An owner of a currently registered motor vehicle who does not have financial responsibility or an operator or occupant of a recreational vehicle not intended for highway use, motorcycle, motor-driven cycle, motorized pedalcycle or like type vehicle required to be registered under this title, *cannot recover first party benefits.*[2]

75 Pa.C.S. § 1714 (emphasis added).[3] Based upon the clear language of section 1714, this court has held that owners of uninsured, registered motor vehicles *cannot* recover first party benefits. *See Kresge v. Keystone Insurance Co.,* 389 Pa.Super. 548, 567 A.2d 739 (1989) (first party benefits were denied to a claimant who neither operated nor possessed an

**2.** First party benefits are defined as "[m]edical benefits, income loss benefits, accidental death benefits and funeral benefits." 75 Pa.C.S. § 1702.

**3.** We note that in *Mowery v. Prudential Property & Casualty Ins. Co.,* 369 Pa.Super. 494, 535 A.2d 658 (1988), the appellant challenged the constitutionality of section 1714. Specifically, the appellant maintained that she was denied equal protection of the laws because section 1714 rendered her ineligible for first party benefits, even though her registered, uninsured vehicle was not involved in the accident. *Mowery,* 369 Pa.Super. at 497, 535 A.2d at 660. This court, applying the "rational basis test," concluded that section 1714 did not violate equal protection. *Id.,* 369 Pa.Superior Ct. at 502–03, 535 A.2d

inoperable, uninsured motor vehicle which was registered in that claimant's name at the time of the accident); *De-Michele v. Erie Insurance Exchange*, 385 Pa.Super. 634, 561 A.2d 1271 (1989); *Allen v. Erie Insurance Co.*, 369 Pa.Super. 6, 534 A.2d 839 (1987). In stern and unmistakable terms, we have stated:

> *A person may not receive first party benefits in Pennsylvania if at the time of the accident for which such benefits are claimed that person had any vehicles registered in Pennsylvania in that person's name which were not insured as required.*

*Kresge*, 389 Pa.Super. at 552, 567 A.2d at 741 (emphasis original). The decisions in *Kresge*, *DeMichele* and *Allen* were buttressed by the legislative intent underlying the enactment of the MVFRL:

> In passing the Act, the Legislature was primarily concerned with the rising consumer cost of automobile insurance, created in part by the substantial number of uninsured motorists who contributed nothing to the pool of insurance funds from which claims were paid. See J. Ronca, L. Sloane & J. Mundy, *Pennsylvania Motor Vehicle Insurance*, §§ 1.2(b), 3.2(a); Senate Legislative Journal 1142–54 (Oct. 4, 1983): House Legislative Journal 2138–91 (Dec. 13, 1983). The Act has the effect of requiring all owners of registered vehicles to share in the burden of insurance before they can obtain the benefits. By denying benefits to a certain class of people—those not insuring their registered vehicles—the Act encourages the purchase of insurance by all owners who register vehicles which can be legally operated on the highways.... As our Supreme Court has stated, "[t]he state has a legitimate object in seeing that all motorists are covered by adequate insurance." *Singer v. Sheppard*, 464 Pa. 387, 404, 346 A.2d 897, 906 (1975).

*Allen*, 369 Pa.Super. at 10, 534 A.2d 840–841. In short, section 1714 is designed to avoid the rewarding of undesirable behavior. *See* 7 Am.Jur.2d § 356 (1980); 27 A.L.R.4th 176 (1984).

at 663. As such, section 1714 has withstood constitutional challenge. *See id.*

Relying primarily upon the above language contained in *Allen*, Harleysville argues that Henrich, who owns a registered motor vehicle that is uninsured, belongs in the class of people who are not entitled to *any* insurance benefits. We realize that *Allen* stated that the effect of the Act was to require all owners to share in the burden of insurance before they can obtain the benefits. *Id.* It is significant, however, that *Allen* addressed the question of whether a claimant who owned an uninsured, registered motor vehicle could recover first party benefits. Consequently, *Allen* is factually distinguishable from the instant case and its holding is limited to its facts. *See In re Estate of Pew*, 411 Pa. 96, 191 A.2d 399 (1963) (overruled on other grounds *Estate of Tyler*, 474 Pa. 148, 377 A.2d 157 (1977)). Nonetheless, initially, it appears that the policies espoused in *Allen* would require that we preclude Henrich from recovering uninsured motorist benefits. Upon closer examination, however, it becomes clear that Henrich is not prohibited from recovering uninsured motorist benefits under the instant policy of insurance.

Here, Getz purchased an automobile insurance policy from Harleysville and paid his premiums as they became due. In return for the premiums paid, Harleysville agreed to provide uninsured motorist benefits to covered persons. Consequently, Getz shared in the burden of insurance by paying for the coverage he expected to receive—uninsured motorist benefits for covered persons. When examining the instant insurance policy, we find that Henrich is not contractually precluded from recovering uninsured motorist benefits. Our inquiry, however, is not ended.

Turning to the MVFRL, we find that section 1714 is silent as to whether owners of uninsured, registered motor vehicles may recover uninsured motorist benefits; rather, section 1714 only precludes those claimants from receiving first party benefits. *See* 75 Pa.C.S. § 1714. Indeed, nowhere in the MVFRL does it state that owners of uninsured, registered motor vehicles cannot recover uninsured motorist benefits. *See* 75 Pa.C.S. §§ 1731–1736. The max-

im "expressio unius est exclusio alterius" essentially provides that "the mention of one thing in a statute implies the exclusion of others not expressed." *Petition For Division Into Wards, Etc*, 388 Pa. 539, 543, 130 A.2d 695, 698 (1957); *see also Samilo v. Commonwealth Insurance Department*, 98 Pa.Cmwlth. 232, 510 A.2d 412 (1986). Therefore, since section 1714 specifically states that owners of uninsured, registered motor vehicles are precluded from recovering first party benefits, our rules of statutory construction lead us to conclude that the legislature implicitly intended not to preclude that same class of claimants from recovering uninsured motorist benefits. *See id.*

Further, when the words of a statute are clear, the letter of that statute cannot be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b); *Allen*, 369 Pa.Super. at 11, 534 A.2d at 841. This is precisely Harleysville's request. It is clear, however, that the legislature has fixed the penalty for the class of people who own uninsured, registered motor vehicles—precluding those claimants from recovering first party benefits. If the legislature had intended to preclude owners of uninsured, registered motor vehicles from recovering uninsured motorist benefits, it would have done so. *Petition For Division, supra.* In light of the legislature's apparent intent to deny *only* first party benefits to owners of uninsured, registered motor vehicles, we are powerless to find that, as a matter of law, such claimants are also prohibited from recovering uninsured motorist benefits. Therefore, since we cannot find that the case is so free from doubt that trial would be a fruitless exercise, judgment on the pleadings was improperly granted. *Jones, supra.*

Order reversed; case remanded for proceedings consistent with this opinion.