602 A.2d 1356

**Allen WINDRIM**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 21, 1991.

Filed Feb. 12, 1992.

Gregory F. Lepore, Lansdale, for appellant.

Edwin P. Smith, Philadelphia, for appellee.

Before CAVANAUGH, POPOVICH and HOFFMAN, JJ.

HOFFMAN, Judge:

Nationwide Insurance Company ("Nationwide") appeals from the order of the Court of Common Pleas of Philadelphia County compelling uninsured motorist arbitration and invalidating an automobile insurance policy provision which excludes uninsured motorist benefits to a person operating his own uninsured car at the time of the accident. For the following reasons, we affirm.

On December 3, 1989, while driving his own automobile, appellee, Allen Windrim, was involved in an accident. As a result of the accident, he sustained injury. At the time of the accident, Windrim was the sole owner and operator of his automobile but carried no insurance on it. Consequently, he sought Uninsured Motorist Coverage from Nationwide, alleging that he was insured pursuant to his mother's policy with Nationwide because he was a resident relative of his mother's household. Nationwide refused coverage, citing the exclusionary provision in appellee's mother's policy which provides, in relevant part:

[t]his Uninsured/Underinsured Motorists insurance does not apply as follows ...

4. It does not apply to bodily injury suffered while occupying or from being hit by a vehicle owned by you or a relative living in your household, but not insured

for Uninsured or Underinsured Motorists coverage under this policy.

Appellee then filed a motion to compel uninsured motorist arbitration, contending that the aforementioned provision was invalid under the Uninsured Motorist Act, 40 Pa.S.A. § 2000.[1] Nationwide filed a response in which it included a counterclaim seeking a declaratory judgment on the issue of the validity of its policy provision. The trial court granted appellee's motion and ordered arbitration. In addition, the court dismissed appellant's counterclaim and declared the exclusionary provision invalid on the basis of *Banks v. State Farm Mutual Automobile Insurance Co.,* 216 Pa.Super. 162, 264 A.2d 197 (1970), in which this court invalidated an almost identical provision on the ground that it was repugnant to the Uninsured Motorist Act. Nationwide then timely appealed to this court.

 Initially we note that an order compelling arbitration is ordinarily considered interlocutory and thus, nonappealable. *Gardner v. Prudential Ins. Co.,* 332 Pa.Super. 358, 481 A.2d 654 (1984). However, the order *sub judice* not only compelled arbitration, but also dismissed Nationwide's counterclaim for declaratory relief. Both our Supreme Court and this court have held that an order dismissing a counterclaim is appealable. *See Commonwealth v. Orsatti,* 448 Pa. 72, 75–76, 292 A.2d 313, 315 (1972) (order sustaining preliminary objections to defendant's counterclaim in an amount in excess of plaintiff's claim is appealable); *Zivitz v. Centennial Road Properties,* 328 Pa.Super.

1. Section 2000(a) states:
 [n]o motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto in limits for bodily injury or death ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners and operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death therefrom....
 40 Pa.S.A. § 2000(a).

79, 81 n. 1, 476 A.2d 462, 463 n. 1 (1984) (order sustaining preliminary objections and dismissing counterclaim is appealable because it puts defendant out of court as far as the counterclaim is concerned even though validity of plaintiff's claim is still undetermined). Because the trial court in its order and subsequent opinion, in effect, precluded Nationwide from litigating its claim, we find that the order is appealable. Thus, we can proceed to the merits of this case.

Nationwide contends that the trial court's reliance on *Banks, supra,* is misplaced because after the enactment of the Uninsured Motorist Act and the *Banks* decision, the Motor Vehicle Financial Responsibility Law ("MVFRL") was enacted. The clear intent and policy behind the MVFRL, Nationwide argues, is to prevent uninsured motorists from using public highways by denying them insurance benefits. This represents a change in legislative intent and policy from that underlying the Uninsured Motorist Act, Nationwide contends, and thus, in light of the change, an exclusionary provision such as the one placed in appellee's mother's policy is now valid. We disagree.

In *Banks v. State Farm Mutual Automobile Ins. Co., supra,* appellant, Carol Erb Banks, sought recovery of uninsured motorist benefits on behalf of her deceased husband, Paul, who had been killed when the motorcycle he was riding was struck by an uninsured motorist. State Farm denied benefits on the basis that the policy covering the deceased's automobile contained an exclusionary provision which prohibited the payment of uninsured motorist benefits if, at the time of accident, the insured was occupying a motor vehicle owned by him but not insured. Here, Paul had not obtained insurance on his motorcycle, thereby making the exclusionary provision applicable. However, this court struck down the exclusionary provision on the ground that it was repugnant to the Uninsured Motorist Act. We based our holding on the legislative history underlying the Act which revealed that the legislators expressly rejected an exclusionary provision identical to the one in

State Farm's policy. Thus, we held that it was the intention of the legislators not to deny uninsured motorist benefits to owner/operators of uninsured vehicles.

Recently, in the case of *Henrich v. Harleysville*, 403 Pa.Super. 98, 588 A.2d 50 (1991), this court discussed the legislative intent underlying the MVFRL in regard to providing an uninsured motorist with uninsured motorist benefits. In *Henrich*, Elizabeth Henrich was injured when the uninsured automobile in which she was a passenger struck a tree. Elizabeth, herself the owner of an uninsured automobile, sought uninsured motorist benefits under her father's automobile policy, under which she was covered. Harleysville, who issued her father's policy, refused payment on the grounds that Elizabeth was the owner of an uninsured vehicle and § 1714 of the MVFRL prohibited the payment of any insurance benefits to an owner of an uninsured vehicle.[2] This court rejected Harleysville's argument, holding that § 1714 only precludes an uninsured motorist from receiving first party benefits, which as defined by the statute, did not include uninsured motorist benefits. We determined that nowhere in the MVFRL does it state that an uninsured owner of a vehicle is precluded from receiving uninsured motorist benefits. Furthermore, we applied the maxim "expressio unius est exclusio alterius," ("the mention of one thing in a statute implies the exclusion of others not expressed"), to conclude that it was not the legislators' intent to bar uninsured owners from recovering uninsured motorist benefits.

Considering our holding and analysis in *Henrich*, we find no change from the legislative intent underlying the Unin-

---

**2.** Section 1714 of the MVFRL, entitled "Ineligible Claimants," states: An owner of a currently registered motor vehicle who does not have financial responsibility or an operator or occupant of a recreational vehicle not intended for highway use, motorcycle, motor-driven cycle, motorized pedalcycle or like type vehicle required to be registered under this title cannot recover first party benefits. 75 Pa.C.S.A. § 1714.
"First-party benefits" are defined in 75 Pa.C.S.A. § 1702 as "medical benefits, income loss benefits, accidental death benefits and funeral benefits." 75 Pa.C.S.A. § 1702.

sured Motorist Act to that underlying the MVFRL. The legislative intent underlying both is to ensure owners/operators of uninsured vehicles receive uninsured motorist benefits. Accordingly, our holding in *Banks* is still controlling and thus, the provision in appellant's policy which precludes an insured from obtaining uninsured motorist benefits if the insured is the owner of an uninsured automobile is invalid.[3] Consequently, we affirm the trial court's order compelling arbitration.

Affirmed.

POPOVICH, J., files a Dissenting Opinion.

POPOVICH, Judge, dissenting.

I respectfully dissent. Today, the majority determines that Pennsylvania drivers need insure only one of several of their motor vehicles in order to receive uninsured motorist benefits. However, because I find the Household Exclusion Clause contained in the policy of insurance issued by appellant to be enforceable, I cannot join the majority's holding and condone this result.

It is well settled that a clear, unambiguous provision in a contract of insurance is to be given effect, unless to do so would violate public policy. *Standard Venetian Blind Co. v. American Empire Ins. Co.*, 503 Pa. 300, 469 A.2d 563 (1983). My review of the MVFRL discloses that it is silent on the issue of whether the operator of an uninsured vehicle may recover uninsured motorist benefits under a policy applicable to another vehicle owned by the driver or a relative residing with the driver. Further, in this case, I believe that the MVFRL "contains no indication of policy clear enough to void a plain, unambiguous provision in an insurance contract...." *Wolgemuth v. Harleysville Mut. Ins. Co.*, 370 Pa.Super. 51, 61, 535 A.2d 1145, 1150 (1988).

---

**3.** We note that if it is the intent of the legislature to deny benefits to owners of registered vehicles who do not obtain insurance, *see Allen v. Erie Ins. Co.*, 369 Pa.Super. 6, 534 A.2d 839 (1987), then it would be appropriate to amend 75 Pa.C.S.A. § 1714 to preclude uninsured coverage and other coverages as well as first party benefits.

Indeed, if any policy considerations regarding the recovery of uninsured motorist benefits under the circumstances *sub judice* may be gleaned from the statute, they would arguably support denial of such recovery. Although not binding upon this court, I find the reasoning of the Court of Appeals for the Third Circuit in the recent case of *Nationwide Mut. Ins. Co. v. Hampton*, 935 F.2d 578 (1991), to be most persuasive on this point. In *Hampton*, appellee sustained injuries when he collided with a van while operating his uninsured motorcycle. After exhausting the coverage applicable to the van, appellee sought *underinsured* motorist coverage from his father's insurer.

Reversing the order of the district court allowing appellee to recover under his father's policy, the *Hampton* court stated: "the MVFRL embodies a new policy, expressed in § 1714, of deterring motorists from failing to insure their vehicles by barring recovery of private insurance benefits." *Id.* at 587. As the *Hampton* court further noted, no such statutory exclusion existed prior to the adoption of the MVFRL. *Id.* at 581.[1]

The majority relies, however, upon the decision of another panel of this court in *Henrich v. Harleysville Ins. Co.*, 403 Pa.Super. 98, 588 A.2d 50 (1991), to find the Household Exclusion Clause in the policy written by appellant to be void. I believe that their reliance upon *Henrich* is misplaced. In *Henrich*, our inquiry was limited to whether appellant was *statutorily* precluded, under § 1714 of the MVFRL, from recovering uninsured motorist benefits. We held that appellant was not. We noted, however, after examining the insurance policy issued by appellee, "[w]e find that [appellant] is *not contractually precluded* from recovering uninsured motorist benefits." *Id.* at 103, 588

---

1. Section 1714 of the MVFRL states:
 An owner of a currently registered motor vehicle who does not have financial responsibility or an operator or occupant of a recreational vehicle not intended for highway use, motorcycle, motor-driven cycle, motorized pedalcycle or like type vehicle required to be registered under this title cannot recover first party benefits.
 75 Pa.Cons.Stat.Ann. § 1714 (Purdon Supp.1991).

A.2d at 52 (emphasis added). *Henrich* is, therefore, factually distinguishable from the case at bar.

As we stated in *Allen v. Erie Ins. Co.*, 369 Pa.Super. 6, 534 A.2d 839 (1987):

> In passing the Act [ (the MVFRL) ], the Legislature was primarily concerned with the rising consumer cost of automobile insurance, created in part by the substantial number of uninsured motorists who contributed nothing to the pool of insurance funds from which claims were paid. The Act has the effect of requiring all owners of registered vehicles to share in the burden of insurance before they can obtain the benefits. By denying benefits to a certain class of people—those not insuring their registered vehicles—the Act encourages the purchase of insurance by all owners who register vehicles which can be legally operated on the highways.

*Id.*, 369 Pa.Superior Ct. at 10, 534 A.2d at 840–41 (citations omitted).

A possible result of the majority's holding is that many individuals owning several vehicles will purchase coverage for only one of them. Likewise, relatives living with an insured will be less inclined to purchase insurance for their vehicles, instead seeking uninsured motorist coverage under their relative's insurance policy. I fail to see how these results further the legislative purpose, embodied in the MVFRL, of encouraging the purchase of insurance and contribution to the pool of insurance funds out of which claims are paid. I would, therefore, reverse the order of the lower court.