**State Farm Insurance Cos. v. Gladman**

*William M. Radcliffe,* for plaintiff.
*Anne M. McArdle,* for defendant.

GRIMES, *P.J.,* May 8, 1992—The only issue raised by this motion for summary judgment is whether an injured driver who owns a registered but uninsured automobile can collect underinsurance benefits from a policy of a family member on which the injured party is designated as a member of the insured household.

The facts are not in dispute. Floyd Gladman III, defendant, owned a 1982 Pontiac which was registered in Pennsylvania but which was uninsured. On or about

April 3, 1990, Mr. Gladman was driving that automobile when he was involved in an accident with Paul Martinko Jr. Mr. Martinko's vehicle was insured and his carrier, Maryland Casualty, paid Mr. Gladman for the injuries suffered as a result of the collision to the full extent of the liability coverage.

At the time of the collision, Mr. Gladman was living with his parents, Floyd and Yvonne Gladman. The Gladmans owned two vehicles, both of which were insured by the plaintiff, State Farm Insurance Co. These policies, nos. 4434-685B and 4605-727B, provide for underinsurance in the amount of $50,000 per person and $100,000 per accident. The underinsured motor vehicle coverage includes "relatives," which is defined "as used in sections I, II, III, IV, and V ... a *person* related to *you* or *your spouse* by blood, marriage or adoption who lives with *you.*" Pursuant to the provisions of the State Farm policy, Mr. Gladman filed a claim for underinsured motorist benefits. State Farm denied the claim on the basis that Mr. Gladman was not entitled to the benefits because he was driving a registered but uninsured vehicle at the time of the accident.

State Farm filed an action for declaratory judgment in order to resolve the issue of whether Mr. Gladman is entitled to make a claim for the underinsured motorist benefits. Presently, Mr. Gladman has requested summary judgment asserting that there are no facts in dispute and that as a matter of law, he is entitled to recover these benefits.

In order for a motion for summary judgment to be granted, the movant has the burden of proving that

there is no material issue of fact and that the movant is entitled to summary judgment as a matter of law. 42 Pa.C.S. §1035. Both parties have agreed that the facts are not in dispute.

Mr. Gladman relies on *Henrich v. Harleysville Insurance Co.,* 403 Pa. Super. 98, 588 A.2d 50 (1991), *alloc. granted,* 141 Pa. Commw. 342, 596 A.2d 742 (1991), which held that a person who owned a registered, uninsured car was entitled to claim uninsured motorist benefits pursuant to her parent's insurance policy. In that case, the plaintiff was injured while riding as a passenger in a third party's vehicle, which was uninsured. As stated above, she also was the owner of a registered but uninsured vehicle which was not involved in the accident. When Ms. Henrich, who was living with her parents at the time of the accident, sought to recover uninsured motorist benefits from her stepfather's insurance policy, the insurance company denied the claim on the basis that she was ineligible to collect such benefits pursuant to 75 Pa.C.S. §1714. The *Henrich* court reasoned that while section 1714 did preclude Ms. Henrich from first-party benefits, it did not specifically preclude her from uninsured motorist benefits. The court was unwilling to broaden the clear language of the statute to include uninsured motorist benefits under the exclusion. *Id.*

The court further reasoned that allowing recovery in that instance did not contradict public policy supporting section 1714. 403 Pa. Super. at 100, 588 A.2d at 52. In excluding owners of registered uninsured vehicles from first-party benefits, the legislative intent was to prevent those who had not contributed to the insurance pool from collecting benefits. *Id.,* citing

*Singer v. Shepherd,* 464 Pa. 387, 404, 346 A.2d 897, 906 (1975); and *Allen v. Erie Insurance Co.,* 369 Pa. Super. 6, 10, 534 A.2d 839, 840-41 (1987). However, the court noted that Ms. Henrich's stepfather had contributed to the pool by paying for uninsured motorist coverage for family members which included Ms. Henrich. As such, the court found that she was not contractually precluded from asserting a claim. Likewise, in the present case, the Gladmans have contributed to the insurance pool by contracting with State Farm for underinsured motorist benefits to include family members residing with them. Therefore, Mr. Gladman is not contractually precluded from asserting his claim against State Farm.

The facts in the *Henrich* case are distinguishable from the present case in that *Henrich* involved uninsured rather than underinsured motorist benefits, and further, the injured person was a passenger and not the driver of the uninsured vehicle. The specific issue remaining is whether the eligibility of an owner and driver of a registered, uninsured vehicle may collect underinsured motorist benefits. Apparently, that issue has never been decided by a Pennsylvania appellate court.

Nonetheless, it appears that the reasoning set forth in *Henrich, supra,* would apply to this situation. The U.S. 3rd Circuit Court of Appeals, in dictum, acknowledged this reasoning in *Nationwide Mutual Insurance Co. v. Hampton,* 935 F.2d 578 (3d Cir. 1991). The court further illustrated the application of the section 1714 exclusion to underinsured motorist benefits by noting that uninsured and underinsured benefits are categorized together under subchapter C of the Motor Vehicle Financial Responsibility Law while first-party ben-

efits are addressed in subchapter B, which contains section 1714. 935 F.2d at 582. The court also noted that subchapter C does not contain an exclusion similar to section 1714. *Id.* Although that court decided the case on a household exclusion clause,[*] it did state that:

"Although *Henrich* involved uninsured motorist benefits, its reasoning is equally applicable to underinsured motorist benefits which the MVFRL treats in the same way." 935 F.2d at 583.

Given the reasoning as outlined by both *Henrich* and *Nationwide,* underinsured motorist benefits are not first-party benefits and not subject to the section 1714 exclusion.

State Farm additionally argues that recovery should also be precluded pursuant to 75 Pa.C.S. §1733. Section 1733 provides a priority of recovery when multiple policies apply. 75 Pa.C.S. §1733. This statute is contained within subchapter C of the Motor Vehicle Financial Responsibility Law, titled Uninsured and Underinsured Motorist Coverage. The priority for recovery of first-party benefits is addressed by 75 Pa.C.S. §1713(b). Because of this separate provision for first-party benefits and the inclusion of section 1733 within subchapter C, it is logical that section 1733 applies to situations where multiple policies would provide uninsured and/or underinsured coverage.

This application is further supported by illustration found in *Wolgemuth v. Harleysville Mutual Insurance,* 370 Pa. Super. 51, 535 A.2d 1145 (1988), *appeal denied,* 520 Pa. 590, 551 A.2d 216 (1988).

---

[*] The Gladmans' policies do not contain a household exclusion provision.

*Wolgemuth* addresses a situation in which section 1733 applied whereby the injured person would recover the "available limit of liability coverage applicable to the vehicle which caused the accident, and if not fully compensated, to recover underinsured motorist benefits under the policy issued to [driver of the vehicle not responsible for the accident], and if still not fully compensated, to recover underinsured motorist benefits pursuant to any policy under which [the injured person] was an insured." *Wolgemuth, supra.*

Section 1733 would not apply to the present case in that there are not multiple policies providing underinsured motorist benefits. Assuming arguendo that Mr. Gladman had proper insurance, including underinsured motorist benefits, than section 1733 dictates that he would have to exhaust the coverage provided by his policy before making a claim on the State Farm policy. However, the State Farm policy is the only policy available under which Mr. Gladman may seek underinsured motorist benefits. Therefore, recovery by Mr. Gladman is not barred by section 1733.

Although it appears inherently wrong that one who has violated the law of this Commonwealth by not being insured may collect from a third party's policy, it is a matter to be addressed by the legislature and not this court. Further, the situation could be remedied in the contract prepared and sold by the insurer.

## ORDER

And now, May 8, 1992, it is ordered that the motion of the defendant is granted and judgment entered in favor of Floyd Gladman III and against State Farm Insurance Cos.