### Forrester v. Nationwide Insurance Co.

*Clare M. Bartholomew,* for plaintiff.

*Beverly J. Knightly,* for defendant Nationwide Insurance Co.

WOOD, *P.J.,* November 17, 1992—This is a difficult case of, as far as I can tell, first impression. Both parties have ably summarized their positions, but here is what the case boils down to:

A lives in the household of B. A is involved in an accident with an uninsured motorist. A owns a vehicle which is insured by a policy which has uninsured motorist coverage, and B likewise owns a separate vehicle with a separate policy also containing uninsured motorist coverage. A collects uninsured motorist coverage under her

own policy, and then calls upon Nationwide, who issued the policy to B, to provide uninsured motorist coverage under B's policy. Nationwide says, "I'm sorry, nice try, but unfortunately B's policy contains a clause which reads as follows":

"This uninsured motorist insurance does not apply as follows:...

"(4) It does not apply to bodily injury suffered while occupying a motor vehicle owned by you or a relative living in your household, but not insured for uninsured motorists coverage under this policy. It does not apply to bodily injury from being hit by any such vehicle."

Both parties agree that the effect of this language is to deny uninsured motorist coverage to A under B's policy.

A argues, however, that that provision is void as being contrary to public policy, and contrary also to the terms of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq. (hereinafter referred to as the MVFRL). She has prepared a lengthy and persuasive brief, and relies in particular on section 1738 of the MVFRL, which provides as follows:

"(a) *Limit for each vehicle*—When more than one vehicle is insured under one or more policies providing uninsured or underinsured motorist coverage, the stated limit for uninsured or underinsured coverage shall apply separately to each vehicle so insured. The limits of coverages available under this subchapter for an insured shall be *the sum of the limits for each motor vehicle as to which the injured person is an insured.*" (emphasis added)

I am struck by the ambiguity of this statute. We do have more than one vehicle being insured, and we definitely have more than one policy providing uninsured motorist coverage. I am not entirely sure of the meaning of the phrase "the stated limit ... shall apply separately to each vehicle...." It would seem to mean that each vehicle is insured up to the limits stated in the policy. However, the next sentence seems to contradict that, saying that the limits available are "the sum of the limits for each motor vehicle as to which the injured person is an insured."

Furthermore, it seems to me that the plain meaning of that provision is that it applies only where a person or persons are insuring their own vehicles under one or more policies. In other words, it would solve the problem if B had two or more vehicles, with one or more insurance policies to cover those vehicles. The provision would then allow B to recover the sum of the limits on each vehicle. This conclusion is buttressed by the fact that subsections (b), (c) and (d) of the same section then provide a means by which B could waive that stacking and receive a reduced rate.

However, I don't know that we need to get into the statutory language. There are cases establishing a strong policy in the Commonwealth in favor of stacking, even to the extent of ignoring language similar to, or identical to, the language used in this Nationwide policy. One of them is *Bankes v. State Farm Mutual Automobile Insurance Co.*, 216 Pa. Super. 162, 264 A.2d 197 (1970), which struck down a so-called "household exclusion" provision similar to that quoted above. In the *Bankes* case, Bankes owned an insured automobile, and sub-

sequently bought a motorcycle, which he did not insure. He had an accident on the motorcycle, and sought uninsured motorist coverage under his automobile policy in the teeth of a household exclusion clause. He was allowed to recover.

Some years later, along comes a chap named Windrim. His situation is identical to the situation posited in this case (he being A), except that he had no insurance on his vehicle. Nationwide argued that the *Bankes* case (which is misspelled in the recent opinion as "Banks") is not controlling because the MVFRL, which was adopted in 1984, overruled *Bankes* and allowed household exclusion clauses.[*] The Superior Court said, "No, I'm sorry, but *Bankes* is still valid." The MVFRL did intend to deny "first-party benefits" to an uninsured motorist, but that does not include insured motorist coverage which might otherwise be available. The Superior Court in this case ignored a household exclusion identical to the one in this case, and allowed brother Windrim to collect his uninsured coverage.

Now, it might be argued that the result in *Windrim* was necessary because otherwise Windrim would be left with no coverage at all, whereas in the situation under consideration, A did have the benefit of her own policy. On the other hand, A could argue plausibly that she should not be penalized for having had the forethought to get her own coverage; that if Windrim, uninsured, is entitled to the benefits of another policy, she, A, insured, should also be entitled to the benefits of such a policy.

---

[*] *Windrim v. Nationwide Mutual Insurance Co.*, 412 Pa. Super. 155, 602 A.2d 1356 (1992).

The U.S. Court of Appeals for the Third Circuit, in *Nationwide Mutual Insurance Co. v. Hampton,* 935 F.2d 578 (1991), considered a *Windrim* situation and came to a conclusion different than that of our Superior Court in *Windrim.* The Third Circuit justified its decision by asserting that where A (reverting to our A and B situation once again) fails to get insurance for his or her vehicle, he or she should be penalized by not being allowed to recover under B's insurance policy either. The tone of that opinion is so strong in condemnation of one who fails to get insurance, that one is tempted to conclude that if A had *gotten* insurance, then the *Hampton* court would have allowed recovery under B's policy. For instance, the *Hampton* court says, at page 590, "[W]e believe that the MVFRL's goal of deterrence creates a limited exception to this general rule when the claimant is injured while occupying a vehicle that the claimant owns but has failed to insure." The "general rule" referred to is the general rule encouraging portability of available insurance coverage in order to insure adequate coverage for injured persons.

If this matter ever gets to an appellate court, I will be interested in seeing how the appellate court deals with it. My conclusion is that I am obliged, under *Bankes* and *Windrim,* to rule that A is entitled to uninsured coverage under B's policy. In actual fact, there are two policies at issue here. However, the principle is the same.

### ORDER

And now, November 17, 1992, after consideration of the motion for summary judgment filed by the plaintiff, and the briefs of plaintiff and defendants, I grant summary

judgment in favor of plaintiff and against defendant Nationwide Insurance Co. I direct that Nationwide provide uninsured motorist coverage benefits to plaintiff under each of the policies issued to plaintiff and Nancy Lou Griffith and Robert S. Griffith in an amount to be determined at a subsequent hearing, but no greater than the sum of the limits of the three policies. However, I cannot conclude that Nationwide is guilty of bad faith for having taken a contrary position.