579 A.2d 1332

**Gina WILLIAMS, Appellant,**

v.

**Bryant TUCK and Professional Paramedics and Randy Cone, Joy Goines and Travelers Insurance Company.**

Superior Court of Pennsylvania.

Argued June 11, 1990.

Decided Sept. 18, 1990.

Don S. Ginsburg, Philadelphia, for appellant.

Laura W. Helbling, Media, for Travelers Ins., appellee.

Before POPOVICH, HOFFMAN and HESTER, JJ.

HESTER, Judge.

This is an appeal by Gina Williams from the October 19, 1989 order granting the preliminary objections of appellee, Travelers Insurance Company, to appellant's claim against it for attorney's fees.[1] Appellant instituted this action against appellee[2] to recover first party benefits and attorney's fees under the Motor Vehicle Financial Responsibility Law[3] ("MVFRL"). Appellee's obligation to pay first party medical benefits arises due to its status as an insurance company assignee to the Assigned Claims Plan. This appeal followed the trial court's grant of preliminary objections to appellant's claim for attorney's fees. We affirm, concluding that the trial court was correct in determining that appellant is not entitled to attorney's fees under section 1798(b) of the MVFRL.

Appellant instituted this action against appellee alleging that she was uninsured and that appellee is required to pay her basic loss and uninsured motorist benefits

---

1. We consider this a final, appealable order under the doctrine discussed in *Praisner v. Stockner,* 313 Pa.Super. 332, 459 A.2d 1255 (1983); *see also Danko Development Corp. v. Econocast Corp.,* 369 Pa.Super. 120, 128, 534 A.2d 1108, 1112 (1987).

2. Appellee and four other defendants were named in this action. Appellee instituted the action for personal injuries suffered during an automobile accident occurring on January 30, 1988. The other defendants are not parties to this appeal.

3. 75 Pa.C.S. § 1701, *et seq.*

under the Assigned Claims Plan as a result of its status as an assigned insurer under that plan. In the trial court and on appeal, appellant rests her claim for attorney's fees solely on section 1798 of the MVFRL which provides in relevant part as follows:

§ 1798. Attorney fees and costs

(a) Basis for reasonable fee.—No attorney's fee for representing a claimant in connection with a claim for first party benefits provided under Subchapter B (relating to motor vehicle liability insurance first party benefits) or a claim for catastrophic loss benefits under Subchapter F (relating to Catastrophic Loss Trust Fund) shall be calculated, determined or paid on a contingent fee basis, nor shall any attorney's fees be deducted from the benefits enumerated in this subsection which are otherwise due such claimant. An attorney may charge a claimant a reasonable fee based upon actual time expended.

(b) Unreasonable refusal to pay benefits.—In the event an *insurer* is found to have acted with no reasonable foundation in refusing to pay the benefits enumerated in subsection (a) when due, the insurer shall pay, in addition to the benefits owed and the interest thereon, a reasonable attorney fee based upon actual time expended.

(Emphasis added).

The trial court concluded that since the insurer in this instance was the insurer designated to pay first party benefits pursuant to the Pennsylvania Assigned Claims Plan, 75 Pa.C.S. §§ 1751-57, it was not an "insurer" under section 1798(b) and that the attorney's fees of appellant-claimant were not recoverable under that section. It based this conclusion on the fact that appellee and appellant had no insurer-insured relationship. We agree.

The MVFRL requires that every insurer which issues motor vehicle liability insurance in Pennsylvania provide coverage for first party benefits to all insureds for specified losses resulting from injuries arising out of the maintenance or use of a motor vehicle. *See* 75 Pa.C.S. § 1711. Section 1713 of the MVFRL creates the following priority

system to determine the source of first party benefits for a person who suffers injury arising out of the maintenance or use of a motor vehicle:

(1) For a named insured, the policy on which he is the named insured.

(2) For an insured, the policy covering the insured.

(3) For the occupants of an insured motor vehicle, the policy on that motor vehicle.

(4) For a person who is not the occupant of a motor vehicle, the policy on any motor vehicle involved in the accident....

270 Pa.C.S. § 1713.

Where an insurer fails to pay first party benefits required under this subchapter to an eligible claimant, attorneys fees may be recoverable under 75 Pa.C.S. § 1798.

In the event that a person who suffers an injury arising out of the use or maintenance of a motor vehicle is not covered by any policy of insurance under the scheme of priorities created by section 1713, first party benefits may be available to the injured claimant through the Assigned Claims Plan. *See* 75 Pa.C.S. § 1752. The benefits available under the Assigned Claims Plan include medical benefits up to a maximum of only $5,000, but do not include those benefits which otherwise are part of the mandatory first party benefit coverage such as income loss or accidental death benefits. 75 Pa.C.S. § 1753. Unlike those sections of the MVFRL governing first party benefits which arise under policies of motor vehicle liability insurance, the Assigned Claims Plan nowhere specifically provides for a claimant to recover attorney's fees or interest in the event an assigned insurer has been found to have acted in an unreasonable manner.

We determine that when the provisions of the MVFRL are read as a whole, it is clear that the legislature did not intend by enacting section 1798 to provide for attorney's fees against insurers assigned to claims arising under the

Assigned Claims Plan and which have no policy of insurance issued to the claimant.

Accordingly, we affirm the order dismissing appellant's claims for attorney's fees. Case is remanded. Jurisdiction relinquished.