620 A.2d 519

**Sheena DARBY, a Minor by Her Parent and Natural Guardian, David BRIGGMAN and David Briggman in his Own Right**

v.

**Robert DANIELS, Pa. Financial Responsibility Assigned Claims Plan, Travelers Insurance Company and Constitution State Service Company.**

**Appeal of David BRIGGMAN.**

Superior Court of Pennsylvania.

Argued Oct. 27, 1992.

Filed Feb. 19, 1993.

William J. Campanale, Philadelphia, for appellants.

John J. Morgan, Philadelphia, for appellee Pa. Financial.

Before WIEAND, OLSZEWSKI and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from the judgment denying appellant David Briggman uninsured motorist benefits under the Pennsylvania Financial Responsibility Assigned Claims Plan. Appellant raises the following issue on appeal:

I. WHETHER THE PLAINTIFF, DAVID BRIGGMAN, CAN BE DEEMED THE OWNER OF A MOTOR VEHICLE AT THE TIME OF HIS MOTOR VEHICLE ACCIDENT IN 1990, WHEN SUCH VEHICLE WAS DESTROYED BY ACCIDENT IN 1983, SUCH THAT HE IS PRECLUDED FROM ELIGIBILITY FOR UNINSURED MOTORIST BENEFITS UNDER THE PENNSYLVANIA ASSIGNED CLAIMS PLAN.

Appellant's Brief at 3. For the following reasons, we reverse and remand.

On May 7, 1990, appellant sustained injuries in a motor vehicle accident with Robert Daniels whose vehicle was uninsured at the time of the accident. Appellant applied to the Pennsylvania Financial Responsibility Assigned Claims Plan (hereinafter "Pa. Assigned Claims Plan") for uninsured motorist benefits. Following arbitration, an award was entered in favor of appellant. Appellees, Pa. Assigned Claims Plan, Travelers Insurance Company ("Travelers") and Constitution State Service Company ("Constitution"), filed an appeal and a nonjury trial was held. The trial court determined that appellant was ineligible for benefits pursuant to 75 Pa.C.S.A. § 1752(a)(3) and therefore entered judgment in favor of appellee. This timely appeal followed.

75 Pa.C.S.A. § 1752(a)(3) provides:

(a) General rule.—A person is eligible to recover benefits from the Assigned Claims Plan if the person meets the following requirements:

(3) Is not an owner of a motor vehicle required to be registered under Chapter 13 (relating to registration of vehicles).

*Id.* [1]  During the trial, appellee Pa. Assigned Claims Plan submitted documents from the Pennsylvania Department of Transportation which indicated that appellant was the record owner of a 1980 Subaru motor vehicle at the time of the accident and that the registration on the vehicle had expired in August, 1983.  Appellant responded that he did not own the 1980 Subaru at the time of the May 7, 1990 accident because the vehicle had been destroyed in an accident in 1983 and that his finance company sold the vehicle for a salvage value of $375.00.  N.T. 9/11/91 at 9.  This amount was used to partially satisfy the outstanding balance on his vehicle loan.  Appellant submitted the receipt of sale and correspondence from General Motors Acceptance Corporation, appellant's finance company, as evidence of the above transaction.  *See* Special Memorandum of Sale and Receipt for Payment dated November 3, 1983.  Appellees offered no evidence to rebut this evidence. Nevertheless, the court determined that appellant was not eligible for benefits pursuant to 75 Pa.C.S.A. § 1752(a)(3).[2] This was error.

Section 102 of the Motor Vehicle Code, 75 Pa.C.S.A., defines "motor vehicle" as "[a] vehicle which is self-propelled except one which is propelled solely by human power or by electric power obtained from overhead trolley wires, but not operated upon rails."  The code defines "vehicle" as "[e]very device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon rails or tracks."  *Id.*

The 1980 Subaru had been destroyed in an accident and sold for scrap value by appellant's financing company. Thus, it was no longer capable of being "self-propelled." Accordingly, the documentation provided by appellant during

---

**1.**  The registration requirements set forth in Chapter 13 state that "[n]o person shall drive or move and no owner shall knowingly permit to be driven or moved upon any highway any vehicle which is not registered in this Commonwealth unless the vehicle is exempt from registration." 75 Pa.C.S.A. § 1301(a).

**2.**  As the trial judge is no longer sitting on the Court of Common Pleas, we do not have the benefit of an opinion explaining the court's reasoning.

trial established both that he was no longer the owner of the 1980 Subaru and that the 1980 Subaru was no longer a "motor vehicle" as defined by the Motor Vehicle Code.[3] Thus, appellant is eligible for benefits under 75 Pa.C.S.A. § 1752.[4]

For the foregoing reasons, we reverse and remand for proceedings consistent with this opinion.

Reversed and remanded; jurisdiction relinquished.

3. Appellee nonetheless asserts that appellant remained the title holder of the destroyed automobile because he never transferred title ownership. However, since the 1980 Subaru was no longer a "motor vehicle" at the time of the accident, appellant's ownership status is irrelevant. Moreover, as noted previously, there was persuasive evidence indicating that appellant had in fact sold the Subaru in November 1983.

4. Appellee cites *Allen v. Erie Insurance Company*, 369 Pa.Super. 6, 534 A.2d 839 (1987) and *Kresge v. Keystone Insurance Company*, 389 Pa.Super. 548, 567 A.2d 739 (1989) for the proposition that this court does not recognize an "inoperability" exception to the registration or insurance requirements of the Motor Vehicle Responsibility Law. However, those cases are distinguishable from the instant case.

First, *Allen* and *Kresge* involved the application of Sections 1713 and 1714 of the MVFRL (pertaining to first party benefits) whereas the present matter involves the interpretation of Section 1752 (pertaining to benefits under the Assigned Claims Plan). Second, the court in *Allen* and *Kresge* determined that the inoperability of a registered automobile did not excuse an owner from obtaining insurance on the automobile. In so holding, the court in *Allen* noted that an owner's registration of his vehicle was evidence that the vehicle was potentially operable. Here, the automobile had not been registered for nearly seven years. Third, in *Allen* and *Kresge*, the court expressed its concern with avoiding fraudulent claims and disputes as to what constitutes "inoperability" or transfer of ownership. The concern with fraud in those cases is not present here, where appellant has not merely testified that she no longer possesses the car, but presented documentation indicating that appellant's automobile had in fact been sold in November 1983 for $375.00.