645 A.2d 1340

Willie M. HODGES, Appellee,

v.

Juan A. RODRIGUEZ, Pennsylvania Financial
Responsibility Assigned Claims Plan and
Constitution State Service Company.

Appeal of PENNSYLVANIA FINANCIAL RESPONSIBILITY
ASSIGNED CLAIMS PLAN and Constitution State
Service Company, Appellants.

Willie M. HODGES, Appellee,

v.

Juan A. RODRIGUEZ, Pennsylvania Financial Responsibility
Assigned Claims Plan and Constitution State Service
Company, Appellant.

Superior Court of Pennsylvania.

Argued Feb. 9, 1994.

Filed Aug. 10, 1994.

Dianne A. Dichter, Philadelphia, for Pa. Financial Responsibility Assigned Claims Plan.

Martin Stanshine, Philadelphia, for Willie M. Hodges.

Before KELLY, POPOVICH and HESTER, JJ.

KELLY, Judge:

In this appeal, we must determine whether 75 Pa.C.S.A. § 1752 barred recovery of uninsured motorist benefits by a person who denied ownership of an inoperable, uninsured vehicle which nonetheless remained registered in that person's name in Pennsylvania at the time of the accident from which the benefits claim arose. In addition, we are asked to decide whether a person who is eligible to receive uninsured motorist benefits is also entitled to Pa.R.Civ.P. 238 delay damages based upon an evaluation of full compensatory damages. We hold that the trial court properly granted Willie M. Hodges statutory recovery against appellants, Pennsylvania Financial Responsibility Assigned Claims Plan (Assigned Claims Plan) and Constitution State Service Company; and that it properly denied cross-appellant, Mr. Hodges, recovery of Rule 238 delay damages. Thus, we affirm the trial court's order entering judgment in this matter.

The relevant facts and procedural history of this appeal and cross-appeal are as follows. On the evening of May 29, 1989, pedestrian Hodges was crossing Broad Street by Pike Street

in North Philadelphia when he was struck by an uninsured motor vehicle.[1] As a result of this accident, Mr. Hodges sustained severe injuries to his head and to his left leg. Because Mr. Hodges was hit by an uninsured vehicle, he applied to the Assigned Claims Plan for medical and uninsured motorist benefits under 75 Pa.C.S.A. §§ 1751–1757. The Assigned Claims Plan obtained records from the Pennsylvania Department of Transportation indicating that Mr. Hodges was the owner of a motor vehicle registered in his name at the time of the accident for which he seeks benefits. Mr. Hodges admitted that he had once owned the vehicle registered in his name, but that approximately three (3) months prior to the May, 1989 accident, his vehicle was destroyed in another accident. The day after that first accident, according to Mr. Hodges, he sold the vehicle for junk to a man who towed the vehicle to a shop. Mr. Hodges then dropped the insurance coverage on that vehicle. The Assigned Claims Plan denied Mr. Hodges' claim because it determined that Mr. Hodges had not met the eligibility requirements of the Motor Vehicle Financial Responsibility Law (MVFRL) 75 Pa.C.S.A. § 1701 *et seq.*

Mr. Hodges filed a complaint against Juan A. Rodriguez and the Assigned Claims Plan on October 31, 1990. The Assigned Claims Plan filed preliminary objections, and the trial court

1. We note that police initially suspected Mr. Juan Rodriguez, an uninsured motorist, as the hit and run driver in this accident. Thus, as the alleged tortfeasor, Mr. Rodriguez was a named defendant in Mr. Hodges' complaint. Mr. Rodriguez was later cleared by police, however, as noted in a police report dated August 2, 1989, and submitted as Exhibit P2 at R.R. 85. N.T. 12/18/92 at 38–39. In pertinent part, the Motor .Vehicle Code defines an "uninsured motor vehicle" as a vehicle that is either identified but uninsured or unidentified and, therefore, uninsured. 75 Pa.C.S.A. § 1702(1)(3); *see Hatcher v. Travelers Ins. Co.*, 421 Pa.Super. 225, 617 A.2d 808 (1992); *Jackson v. Fin. Resp. Assigned C. Plan*, 394 Pa.Super. 274, 575 A.2d 626 (1990). A judgment of *non pros* was entered on August 27, 1992, for failure to effectuate service of the complaint on Mr. Rodriguez. The trial court concluded that Mr. Hodges' failure to serve Mr. Rodriguez with the complaint did not prejudice the Assigned Claims Plan's subrogation rights, because the evidence presented at trial failed to establish even a *prima facie* case that Mr. Rodriguez was the tortfeasor. Trial Court Opinion dated 8/2/93 at 5–6.

issued an order dated January 4, 1991, striking with prejudice those portions of Mr. Hodges' complaint which demanded interest, attorney's fees, and costs. An arbitration hearing held on August 27, 1992, resulted in a verdict in favor of Mr. Hodges for the statutory recovery of $15,000.00 in benefits payable by the Assigned Claims Plan. The Assigned Claims Plan filed an appeal. Prior to trial, Mr. Hodges requested that, if the court found in his favor, (1) it render a verdict for the full compensatory damages due him, (2) mold that award to the statutory limit, and (3) assess delay damages upon the full compensatory damages amount. A non-jury trial was held before the Honorable G. Craig Lord on December 18, 1992. On December 21, 1992, the trial court entered a verdict in favor of Mr. Hodges, finding that he was eligible for uninsured motorist benefits under 75 Pa.C.S.A. § 1752 and entitled to recover the statutory limit of $15,000.00 under §§ 1753 and 1754 from the Assigned Claims Plan. On January 4, 1993, the Assigned Claims Plan filed a motion for post-trial relief. On January 8, 1993, Mr. Hodges filed a petition for delay damages under Pa.R.Civ.P. 238. Mr. Hodges filed a cross-motion for post-trial relief on January 15, 1993. The Assigned Claims Plan filed its reply to Mr. Hodges' petition for delay damages on January 21, 1993. The trial court denied Mr. Hodges' petition for delay damages on April 14, 1993. Mr. Hodges filed an amended cross-motion for post-trial relief on April 23, 1993, adding his request for delay damages based on a full compensatory damage award. The trial court filed its memorandum opinion and order on August 3, 1993, denying all post-verdict motions of both parties. This timely appeal and cross-appeal followed.

On appeal, the Assigned Claims Plan raises the following issues for our review:

I. WHETHER THE PLAINTIFF/APPELLEE WAS THE OWNER OF A CURRENTLY REGISTERED AUTOMOBILE AT THE TIME OF THE ACCIDENT?

II. WHETHER THE PLAINTIFF/APPELLEE WAS AN ELIGIBLE CLAIMANT FOR BENEFITS FROM

THE ASSIGNED CLAIMS PLAN AT THE TIME OF THE ACCIDENT?

The Assigned Claims Plan's Brief at 2.

■■■■ Because the analysis of both issues involves a determination of Mr. Hodges' eligibility for benefits, we will address the issues together. Initially, we note that the Superior Court's scope of review is limited when examining the decision of a trial court sitting as fact finder. For our purposes, the findings of a trial court sitting without a jury have the same force and effect on appeal as a jury's verdict. *Rizzo v. Haines,* 520 Pa. 484, 555 A.2d 58 (1989); *Piccinini v. Teachers Protective Mutual Life Insurance Co.,* 316 Pa.Super. 519, 463 A.2d 1017 (1983); *Slaseman v. Myers,* 309 Pa.Super. 537, 455 A.2d 1213 (1983). We will reverse the trial court only if its findings are predicated upon an error of law or are unsupported by competent evidence in the record. *Id.* On review, it is not within our province to find facts or to substitute our judgment for that of the trial court. *Rizzo v. Haines, supra.* Moreover, the trial court is free to believe all, part, or none of the evidence that is presented, to make all credibility determinations, and to resolve any conflicts in the evidence. *Gemini Equipment v. Pennsy Supply,* 407 Pa.Super. 404, 411, 595 A.2d 1211, 1214 (1991) (citations omitted). In light of this limited scope of review, we now turn to the Assigned Claims Plan's assertions.

■■■■ The Assigned Claims Plan argues that Mr. Hodges is ineligible to receive benefits under Section 1752 of the MVFRL because he was the owner of a currently registered motor vehicle at the time of the accident for which he now seeks recovery. In order to decide this issue, we must look to the relevant part of 75 Pa.C.S.A. § 1752 which provides:

(a) General rule.—A person is eligible to recover benefits from the Assigned Claims Plan if the person meets the following requirements:

* * * * * *

(3) Is not an owner of a motor vehicle required to be registered under Chapter 13 (relating to registration of vehicles).

75 Pa.C.S.A. § 1752(a)(3).[2] Therefore, Mr. Hodges would be eligible for benefits if he could demonstrate that he did not own a motor vehicle that was required to be registered.[3] *See Winkelman v. PFRACP*, 418 Pa.Super. 439, 445, 614 A.2d 717, 720 (1992).

At trial, the Assigned Claims Plan established that Mr. Hodges was the title owner of a 1975 Chevrolet registered in his name at the time of the accident for which he seeks benefits. N.T. 12/18/92 at 39–40. Mr. Hodges testified that he had hit a pole while driving the Chevrolet, approximately three (3) months before the May, 1989 accident, rendering the vehicle inoperable. Mr. Hodges testified that the following day he sold the Chevrolet for one hundred dollars ($100.00) to a man named Louis who then had the Chevrolet towed from the accident scene to a shop to use for junk. Mr. Hodges conceded that he did not get a junk title for the Chevrolet, nor did he keep insurance on the vehicle after he had sold it. N.T. 12/18/92 at 25–28.

Relying on *Darby v. Daniels*, 423 Pa.Super. 100, 620 A.2d 519 (1993),[4] the trial court found that Mr. Hodges' Chevrolet

2. Chapter 13 registration requirements state "[n]o person shall drive or move and no owner shall knowingly permit to be driven or moved upon any highway any vehicle which is not registered in this Commonwealth unless the vehicle is exempt from registration." 75 Pa.C.S.A. § 1301(a).

3. The Motor Vehicle Code defines an owner as "[a] person, other than a lienholder, having the property right in or title to a vehicle...." 75 Pa.C.S.A. § 102. A motor vehicle is defined as "[a] vehicle which is self-propelled except one which is propelled solely by human power or by electric power obtained from overhead trolley wires, but not operated upon rails." *Id.*

4. In *Darby*, the trial court determined that the appellant, a record owner and last registrant of an uninsured Subaru, was ineligible for benefits under 75 Pa.C.S.A. § 1752(a)(3). *Darby v. Daniels, supra.* This Court reversed and remanded, holding that appellant was entitled to recover from the Assigned Claims Plan because the Subaru had been destroyed in an accident and sold for scrap, and therefore, appellant was no longer the owner, and the Subaru was no longer a "motor

was no longer a "motor vehicle" as defined by 75 Pa.C.S.A. § 102 of the Motor Vehicle Code because it had been destroyed in the earlier accident. Furthermore, the trial court found that Mr. Hodges was no longer the "owner of a motor vehicle required to be registered" because he had sold the Chevrolet for junk value.

The Assigned Claims Plan asserts that Mr. Hodges cannot be allowed to recover because Mr. Hodges did not provide documentary evidence or independent testimony to support his contentions. We cannot agree.

> [O]ur scope of review on a weight of the evidence claim is [also] very limited. We will respect the trial court's findings with regard to credibility and weight of the evidence unless it can be shown that the [trial] court's determination was manifestly erroneous, arbitrary and capricious or flagrantly contrary to the evidence. The traditional standard for a weight of the evidence inquiry is whether the verdict is so contrary to the evidence as to shock one's sense of justice.

*Gemini Equipment v. Pennsy Supply, supra* at 413, 595 A.2d at 1215 (citations omitted).

Instantly, the trial court found Mr. Hodges' testimony regarding the vehicle to be totally credible. Trial Court Opinion filed 8/3/93 at 3. We will not disturb this credibility determination on appeal.

The Assigned Claims Plan cites *Kresge v. Keystone Ins. Co.*, 389 Pa.Super. 548, 567 A.2d 739 (1989) and *Allen v. Erie Ins. Co.*, 369 Pa.Super. 6, 534 A.2d 839 (1987) in support of its argument that this Court does not recognize an exception to the MVFRL for "inoperable," uninsured, but currently registered vehicles. Nevertheless, those cases are distinguishable from the instant case. First, as the Assigned Claims Plan recognizes, the *Kresge* and *Allen* cases involved the application of 75 Pa.C.S.A. § 1714, which precludes recovery of *first party benefits* by an owner of a *currently registered* motor vehicle. The concern of this Court in those cases was the high cost of

vehicle" as defined by the Motor Vehicle Code. 75 Pa.C.S.A. § 102. *Id.*

providing first party benefits,[5] the legislature's attempt through Section 1714 to reduce the number of uninsured motorists consuming the benefits without contributing toward their expense, and the desire to prevent fraud in the aggregate of cases. *Kresge v. Keystone Ins. Co., supra.* The instant matter involves a different statute, 75 Pa.C.S.A. § 1752, which addresses claimants eligible to receive benefits from the Assigned Claims Plan.[6] The Assigned Claims Plan avers that Mr. Hodges' failure to properly terminate his registration and ownership of the vehicle before this accident must render Mr. Hodges ineligible for any benefits through the Plan because the "required to be registered" language in Section 1752 is broader than the "currently registered" language of Section 1714. We disagree.

■■■■ The objective of all statutory interpretation is to ascertain and effectuate legislative intent. *Callahan v. Federal Kemper Ins. Co.,* 390 Pa.Super. 201, 568 A.2d 264 (1989); *Key Savings & Loan v. Louis John, Inc.,* 379 Pa.Super. 226, 549 A.2d 988 (1988), *appeal dismissed,* 529 Pa. 573, 605 A.2d 1223 (1992); *Estate of Osborne,* 363 Pa.Super. 200, 525 A.2d 788 (1987); 1 Pa.C.S.A. § 1921(a). The provisions of a statute are to be interpreted, whenever possible, in a manner that gives effect to the entire statute. *Consulting Engineers v. Licensure Bd.,* 522 Pa. 204, 560 A.2d 1375 (1989); *Key Savings & Loan v. Louis John, Inc., supra;* 1 Pa.C.S.A. § 1921(a).

**5.** The MVFRL defines first party benefits as "[m]edical benefits, income loss benefits, accidental death benefits and funeral benefits." 75 Pa. C.S.A. § 1702.

**6.** Under Section 1753 "[a]n eligible claimant may recover medical benefits ... up to a maximum of $5,000. No income loss benefit or accidental death benefit shall be payable under this subchapter." Under Section 1754 "[a]n eligible claimant who has no other source of applicable uninsured motorist coverage and is otherwise entitled to recover in an action in tort against a party who has failed to comply with this chapter may recover for losses or damages suffered as a result of the injury up to $15,000 subject to an aggregate limit for all claims arising out of any one motor vehicle accident of $30,000. If a claimant recovers medical benefits under Section 1753 (relating to benefits available), the amount of medical benefits recovered or recoverable up to $5,000 shall be set off against any amounts recoverable in this section."

Furthermore, the General Assembly is presumed to have intended to avoid mere surplusage; thus, whenever possible, courts must construe a statute so as to give effect to every word. *Key Savings & Loan v. Louis John, Inc., supra* at 232, 549 A.2d at 991 (citing *Habecker v. Nationwide Ins. Co.*, 299 Pa.Super. 463, 445 A.2d 1222 (1982); *Lukus v. Westinghouse Elec. Corp.*, 276 Pa.Super. 232, 419 A.2d 431 (1980)).

> Our supreme court has amplified this rule of construction by explaining that where a section of a statute contains a given provision, the omission of such a provision from a similar section is significant to show that a different legislative intent existed for the two sections. *Commonwealth v. Bigelow*, 484 Pa. 476, 484, 399 A.2d 392, 395 (1979), *quoting Novicki v. O'Mara*, 280 Pa. 411, 416, 124 A. 672, [673] (1924) ("A change of language in separate provisions of a statute is *prima facie* evidence of a change of intent."). *See also Corley v. Commonwealth Board of Probation and Parole*, 83 Pa.Commw. 529, 478 A.2d 146 (1984) (applying *Bigelow* ).

*Walker v. Roney*, 407 Pa.Super. 620, 622–23, 595 A.2d 1318, 1319 (1991), *appeal denied,* 529 Pa. 658, 604 A.2d 250 (1992); *see also Gemini Equipment v. Board of Com'rs*, 146 Pa. Cmwlth. 227, 230, 604 A.2d 1233, 1235 (1992), *appeal denied,* 530 Pa. 667, 610 A.2d 46 (1992).

Instantly, the "required to be registered" wording of 75 Pa.C.S.A. § 1752(a)(3) is different than the "currently registered" wording of 75 Pa.C.S.A. § 1714, which was the basis of the decisions in *Kresge v. Keystone Ins. Co., supra,* and *Allen v. Erie Ins. Co., supra.* Additionally, the context of the two sections is different. As previously noted, under Section 1714 of subchapter B, persons who have not contributed to the expense of providing first party benefits are thus precluded from recovering those benefits from another party's insurance company. Section 1752 of subchapter E, however, precludes recovery of limited statutory benefits from the Assigned Claims Plan by persons who should have been able to recover from an insurance company had their operable vehicle been properly insured. Therefore, *Kresge v. Keystone Ins. Co.,*

*supra,* and *Allen v. Erie Ins. Co., supra,* and the concerns expressed therein are not controlling here.

Moreover, *Kresge v. Keystone Ins. Co., supra,* is also distinguishable from the instant matter because the trial court did not believe Kresge's averments that she had transferred her inoperable, uninsured vehicle to a junkyard before the accident. In the case at bar, the trial court found Mr. Hodges' testimony to be totally credible. The case of *Allen v. Erie Ins. Co., supra,* is distinguishable as well because Allen never disputed owning the uninsured registered vehicle in question. He maintained, instead, that he was eligible to recover first party benefits under Sections 1713 and 1714 because his vehicle was not involved in the accident. Here, Mr. Hodges provided credible testimony that he no longer owned the Chevrolet. The trial court ruled in favor of Mr. Hodges and allowed recovery of the statutory maximum, $15,000.00, against the Assigned Claims Plan. The trial court's decision is not so contrary to the evidence as to shock one's sense of justice. Thus, we hold, Mr. Hodges is eligible for statutory benefits under 75 Pa.C.S.A. § 1752 and entitled to recover $15,000.00 from the Assigned Claims Plan under 75 Pa.C.S.A. §§ 1753 and 1754.

We now turn to Mr. Hodges' claims set forth in his cross-appeal as follows:

1. WHETHER THE PLAINTIFF IS ENTITLED TO RULE 238 DELAY DAMAGES IN A LAWSUIT FOR DAMAGES AGAINST THE PENNSYLVANIA ASSIGNED CLAIMS PLAN, WHEN THE BASIS FOR THE VERDICT DEPENDS UPON AN EVALUATION OF PLAINTIFF'S DAMAGES FOR THE PAIN AND SUFFERING CAUSED BY HIS BODILY INJURIES.

2. WHETHER, IN A SUIT FOR DAMAGES AGAINST PENNSYLVANIA ASSIGNED CLAIMS PLAN, BASED UPON AN EVALUATION OF FAIR COMPENSATION FOR PLAINTIFF'S PAIN AND SUFFERING, THE FACT–FINDER SHOULD, AS PER *WOODS VS. COMMONWEALTH, DEPARTMENT OF TRANSPORTATION,* [531 Pa. 295] 612 A.2nd [sic] 970

372

(Pa.1992), RENDER A VERDICT STATING A FULL EVALUATION OF PLAINTIFF'S DAMAGES, THEREAFTER HAVING THE COURT REDUCE THOSE DAMAGES TO THE PLAN'S $15,000.00 STATUTORY LIMIT, AND ASSESSING DELAY DAMAGES UPON THE ORIGINAL VERDICT.

Mr. Hodges' Brief at 3.

 The analysis of each issue concerns Mr. Hodges' eligibility for delay damages; therefore, we will address both claims simultaneously. Initially, we note that Mr. Hodges' motion for delay damages was not timely filed. Pennsylvania Rule of Civil Procedure 238(c) reads in relevant part as follows:

Not later than ten days after the verdict or notice of the decision, the plaintiff may file a written motion requesting damages for delay and setting forth the computation.

(1) Within ten days after the motion is filed, the defendant may answer specifying the grounds for opposing the plaintiff's motion. The averments of the answer shall be deemed denied. If an issue of fact is raised, the court may, in its discretion, hold a hearing before entering an appropriate order.

(2) If the defendant does not oppose the motion, the court shall add the damages for delay to the verdict or decision.

(3)(i) If a motion for post-trial relief has been filed under Rule 227.1 and a motion for delay damages is opposed, a judgment may not be entered until all motions filed under Rule 227.1 and this rule have been decided.

Pa.R.Civ.P. Rule 238(c), 42 Pa.C.S.A.

This Court has previously held that where a Rule 238 motion for delay damages is not timely filed, the issue is not preserved on appeal. *Brocklehurst v. Watson*, 409 Pa.Super. 1, 597 A.2d 631 (1991), *appeal denied*, 531 Pa. 644, 612 A.2d 983 (1992) (abuse of discretion for trial court to consider merits of motion for delay damages filed eighteen (18) days after verdict instead of within the ten (10) days specified by the rule). Instantly, the verdict in favor of Mr. Hodges was

entered and notice sent pursuant to Pa.R.Civ.P. 236 on December 21, 1992. A letter also dated December 21, 1992, from the Honorable G. Craig Lord and addressed to the parties' attorneys was sent with a copy of the verdict. In that letter, Judge Lord noted that "[a]ny request for delay damages (which I have already preliminarily indicated that I do not believe would be applicable to this case) should be submitted in accordance with the motion procedure specified by Rule 238." Mr. Hodges' petition for delay damages was not presented to the Prothonotary to be filed until January 8, 1993. Thus, Mr. Hodges' motion was filed eighteen (18) days after the verdict, and not within the ten (10) days specified by the rule.[7] Therefore, Mr. Hodges' claim for delay damages was untimely. Moreover, the claim for delay damages is without merit.

■ Mr. Hodges asserts that according to the clear language and plain meaning of Pa.R.Civ.P. 238, a plaintiff suing the Assigned Claims Plan for benefits under 75 Pa.C.S.A. §§ 1753 and 1754 is a party seeking monetary relief for bodily injury. As such, Mr. Hodges avers, he is, therefore, entitled to recover delay damages from the Assigned Claims Plan. Upon careful review of the language and purpose of both the MVFRL and Pa.R.Civ.P. 238, we must disagree.

■ Subchapter E of the MVFRL, entitled the Assigned Claims Plan as set forth in 75 Pa.C.S.A. § 1751 *et seq.*, was enacted by the legislature to provide limited statutory benefits to certain "eligible claimants" injured in an automobile-related accident who are not otherwise entitled to recover insurance benefits. *See generally Zeigler v. Constitution State Service*, 430 Pa.Super. 284, 634 A.2d 261 (1993); *Walker*

---

7. We note that the Assigned Claims Plan did not object to the timing of Mr. Hodges' petition for delay damages in its reply motion filed January 21, 1993. Instead, the Assigned Claims Plan argued that no entitlement to delay damages exists under the MVFRL. Judge Lord denied Mr. Hodges' petition for delay damages in an order filed April 14, 1993, stating no reason for the denial. In its memorandum opinion and order dated August 2, 1993, denying all post-trial motions, the trial court concluded simply that Rule 238 delay damages are not recoverable against the Assigned Claims Plan. Trial Court Opinion at 6.

*v. Fennell,* 426 Pa.Super. 469, 627 A.2d 771 (1993); *Jackson v. Travelers Ins. Co.,* 414 Pa.Super. 336, 606 A.2d 1384 (1992), *appeal granted,* 533 Pa. 625, 620 A.2d 491 (1993). The Assigned Claims Plan is not an insurance company but an administrative organization that distributes the financial responsibility for certain limited statutory benefits among Pennsylvania's automobile insurers, as a cost of doing business in Pennsylvania, and through the insurers' policy holders.[8] *Jackson v. Travelers Ins. Co., supra* at 338, 606 A.2d at 1385; *Westbrook v. Robbins,* 416 Pa.Super. 543, 552, 611 A.2d 749, 753 (1992) (*en banc*) (quoting Ronca, Sloane and Mundy, *Pennsylvania Motor Vehicle Insurance: An Analysis of the Financial Responsibility Law,*[9] p. 78 (1986)). The Plan basically provides eligible claimants the minimum uninsured coverage that should have been carried on any vehicle involved in the accident. Ronaca, Sloane and Mundy, *Pennsylvania Motor Vehicle Insurance, supra* at 76. In order to recover any benefits from the Assigned Claims Plan, a claimant must first satisfy the seven (7) eligibility requirements as set forth in 75 Pa.C.S.A. § 1752. Once a claimant proves eligibility, Sections 1753 and 1754 describe the available benefits.[10] *Assigned*

---

8. Section 66.31 of Title 31 Insurance states "(a) Rates shall be considered to include amounts required to fund the Assigned Claims Plan." 31 Pa.Code 66.31(a).

9. The result of the Pennsylvania Supreme Court ruling in *Tubner v. State Farm Mut. Auto. Ins. Co.,* 496 Pa. 215, 436 A.2d 621 (1981) that the Assigned Claims Plan must provide coverage for victims who had no other source of insurance was apparently not anticipated by automobile insurers and was mentioned prominently in subsequent committee hearings as a reason for the greatly increasing cost of insurance premiums. *Id.* at 70.

10. These sections read as follows:

§ 1753. **Benefits available**
An eligible claimant may recover medical benefits, as described in section 1712(1) (relating to availability of benefits), up to a maximum of $5,000. No income loss benefit or accidental death benefit shall be payable under this subchapter.
§ 1754. **Additional coverage**
An eligible claimant who has no other source of applicable uninsured motorist coverage and is otherwise entitled to recover in an action in tort against a party who has failed to comply with this chapter may recover for losses or damages suffered as a result of the injury *up to $15,000* subject to an aggregate limit for all claims arising out of any

*Claims Plan v. English,* 427 Pa.Super. 105, 628 A.2d 847 (1993).

At issue in the instant case is Section 1752(a)(3), which provides:

**§ 1752. Eligible Claimants**

**(a) General rule.**—A person is eligible to recover benefits from the Assigned Claims Plan if the person meets the following requirements:

. . . . .

(3) Is not an owner of a motor vehicle required to be registered under Chapter 13 (relating to registration of vehicles).

75 Pa.C.S.A. § 1752(a)(3).[11] Because the Assigned Claims Plan had sufficient evidence to suggest that Mr. Hodges was the owner of a motor vehicle required to be registered under Chapter 13 at the time of his accident and was, therefore, ineligible to receive benefits under Section 1752, his claim for benefits was denied. Mr. Hodges, at that point, assumed the burden of going forward and proving that he was indeed an eligible claimant. Contrary to Mr. Hodges' assertion, any "settlement" at that time would have been premature as the

one motor vehicle accident of $30,000. If a claimant recovers medical benefits under section 1753 (relating to benefits available), the amount of medical benefits recovered or recoverable up to $5,000 shall be set off against any amounts recoverable in this section (emphasis added).

11. The remaining eligibility requirements a claimant must meet are as follows: "(1) Is a resident of this Commonwealth. (2) Is injured as the result of a motor vehicle accident occurring in this Commonwealth. . . . (4) Is not the operator or occupant of a motor vehicle owned by the Federal Government or any of its agencies, departments or authorities. (5) Is not the operator or occupant of a motor vehicle owned by a self-insurer or by an individual or entity who or which is immune from liability for, or is not required to provide, benefits or uninsured and underinsured motorist coverage. (6) Is otherwise not entitled to receive any first party benefits under section 1711 (relating to required benefits) or 1712 (relating to availability of benefits) applicable to the injury arising from the accident. (7) Is not the operator or occupant of a recreational vehicle not intended for highway use, motorcycle, motor-driven cycle or motorized pedalcycle or other like type vehicle required to be registered under this title and involved in the accident." 75 Pa.C.S.A. § 1752.

Assigned Claims Plan is statutorily constrained from paying benefits to claimants who appear to be ineligible. We have affirmed the trial court's finding that Mr. Hodges is an eligible claimant. We hold that Mr. Hodges is entitled to receive the maximum statutory benefit of $15,000.00 under 75 Pa.C.S.A. §§ 1753 and 1754. We decline, however, to extend Pa. R.Civ.P. 238 on delay damages to the Assigned Claims Plan.

We recognize that Mr. Hodges' underlying action would be a personal injury suit against the driver of the vehicle that hit him; the instant case, however, is an action to recover limited statutory benefits.[12] In fact, in order to recover beyond the medical benefits provided under Section 1753 of the MVFRL, an eligible claimant must be "otherwise entitled to recover in an action in tort against a party who has failed to comply with this chapter ..." 75 Pa.C.S.A. § 1754. Even where a claimant is eligible for additional recovery under Section 1754, the maximum benefit available under that provision is $15,000.00. *Id.*

In his brief Mr. Hodges uses the terms "damages"[13] and "benefits" interchangeably. We do not agree that these concepts are synonymous in this context. Where a statute provides internal definitions, we are bound to construe the statute according to those definitions. 1 Pa.C.S.A. § 1903(a). The Assigned Claims Plan pays *benefits* to eligible claimants who have sustained *damages* caused by a third-party tortfeasor. The Assigned Claims Plan is not the tortfeasor in the underlying action, nor does the Plan represent or defend the tortfeasor in these cases. Furthermore, had the legislature intended subchapter E to include a provision for delay damages, it would have inserted one. *See Westbrook v.*

12. The MVFRL defines benefits as "[m]edical benefits, income loss benefits, accidental death benefits and funeral benefits." 75 Pa.C.S.A. § 1702.

13. "Damages" is a word of art meaning something paid in recompense for infringement of plaintiff's legal right by defendant's liability-creating conduct. *Miller v. Weller*, 288 F.2d 438, 439 (1961), *cert. denied*, 368 U.S. 829, 82 S.Ct. 51, 7 L.Ed.2d 32 (1961). "Damages" is money compensation payable by a tortfeasor who is liable for injuries caused by his tortious act. Restatement, Second, Torts, Sec. 12A.

*Robbins,* 416 Pa.Super. 543, 553, 611 A.2d 749, 754 (1992) (*en banc* ).

This Court has previously determined that neither the Assigned Claims Plan nor an assigned carrier can be held liable for the penalties of interest, costs and attorney's fees. *Westbrook v. Robbins, supra; Williams v. Tuck,* 397 Pa.Super. 213, 579 A.2d 1332 (1990). The *Westbrook* Court arrived at its decision by reasoning that actions against the Assigned Claims Plan do not involve an insurer-insured relationship or a contractual relationship; that the Assigned Claims Plan is a non-profit organization with no incentive to delay claim payment; and that the imposition of these penalties would only serve to deplete the fund. We conclude that this compelling reasoning applies instantly and decline to hold that the legislature intended Pa.R.Civ.P. 238 delay damages to apply to the Assigned Claims Plan.

Mr. Hodges correctly asserts that the purpose of awarding Pa.R.Civ.P. 238 delay damages is to compensate a plaintiff for delay in receiving recovery and to encourage settlement of meritorious cases, thereby relieving the court system of unnecessary litigation. The two cases cited by Mr. Hodges in support of his argument that these delay damages are applicable to the Assigned Claims Plan, however, are distinguishable in law and fact from the instant case.

In the first case cited by Mr. Hodges, *Laudenberger v. Port Authority of Allegheny County,* 496 Pa. 52, 436 A.2d 147 (1981), *appeal dismissed,* 456 U.S. 940, 102 S.Ct. 2002, 72 L.Ed.2d 462 (1982), our Supreme Court stated "Rule 238 provides compensation to a plaintiff for delay in receiving the monetary damages owing as a result of a defendant's tort." *Id.* 496 Pa. at 65, 436 A.2d at 154. "The difference upon which the classification rests is that the plaintiffs have been wrongly injured and have suffered financial losses because of the defendants' action. The losses then become exacerbated by the defendant's refusal to settle the lawsuit in a timely fashion. The defendants, on the other hand, have suffered no wrong. They, as the tortfeasors, are not unjustly deprived of compensation during the course of pre-trial delays." *Id.* at 68–69, 436

A.2d at 156. "[W]hile some defendants may in fact be uninsured, they have nonetheless caused the loss to the plaintiffs by their tortious conduct and owe compensation to their victims." *Id.* at 71, 436 A.2d at 157. The *Laudenberger* Court equated delay damages with prejudgment interest. This Court has already held that the Assigned Claims Plan is not subject to liability for an interest penalty. *Westbrook v. Robbins, supra.* For this reason and because the Assigned Claims Plan was not the tortfeasor nor the cause of Mr. Hodges' injuries in this case, we conclude that *Laudenberger v. Port Auth. of Allegheny County, supra,* supports the argument that the Assigned Claims Plan is not liable for delay damages.

Mr. Hodges also cites *Woods v. Commonwealth Department of Transportation,* 531 Pa. 295, 612 A.2d 970 (1992) in support of his argument that delay damages are applied in civil actions for bodily injury. Mr. Hodges asserts that "[i]n terms of the purpose of the *Woods* holding, there is no realistic difference between the situation in *Woods* and the situation in the instant matter." Mr. Hodges' Brief at 16. We must disagree. First, we note that *Woods v. Commonwealth Department of Transportation, supra,* was a personal injury action in which the Commonwealth was proven to be negligent in causing the plaintiff's injuries. Second, the case fell within the purview of the Sovereign Immunity Act, which places a cap of $250,000.00 in damages available against the Commonwealth when the Commonwealth is proven to have been negligent. 42 Pa. C.S.A. § 8521 *et seq.* The instant case was not a personal injury action. There was no finding of negligence against the Assigned Claims Plan, nor does the instant action fall within the purview of the Sovereign Immunity Act. The Assigned Claims Plan is not liable for damages but is responsible only for the payment of specific, limited statutory benefits, when a claimant has met all of the requirements for eligibility as set forth in the MVFRL.[14] Because the issue is whether Mr. Hodges is entitled to these statutory limited benefits and not whether the Assigned Claims Plan was a negligent tortfeasor

14. 75 Pa.C.S.A. § 1752.

protected by the Sovereign Immunity Act, the trial court need not engage in the fiction of setting damages and then reducing those damages to the statutory limit.

■ As this Court has previously noted, Pa.R.Civ.P. 238 applies only to certain actions and does not encompass every action. *Temporaries, Inc. v. Krane*, 325 Pa.Super. 103, 115, 472 A.2d 668, 674 (1984) (rule not applicable to tortious interference with contract). Instead, the rule has been restricted "to situations where a defendant *causes* bodily injury, death or property damage." *Rizzo v. Haines*, 357 Pa.Super. 57, 67, 515 A.2d 321, 326 (1986) (Popovich, J., dissenting to requirement that attorney pay market rate of interest on wrongfully detained funds) (rule not applicable to claims for legal malpractice in personal injury case). *See also Anchorstar v. Mack Trucks, Inc.*, 533 Pa. 177, 620 A.2d 1120 (1993) (rule not applicable to loss of consortium claim); *Colodonato v. Consolidated Rail Corp.*, 504 Pa. 80, 470 A.2d 475 (1983) (rule not applicable to punitive damages); *Oweida v. Tribune–Review Publishing Co.*, 410 Pa.Super. 112, 599 A.2d 230 (1991), *appeal denied*, 529 Pa. 670, 605 A.2d 334 (1991) (rule not applicable in libel action); *Wainauskis v. Howard Johnson Co.*, 339 Pa.Super. 266, 488 A.2d 1117 (1985) (rule not applicable to malicious prosecution); *Erie Insurance Exchange v. McGee*, 327 Pa.Super. 56, 474 A.2d 1171 (1984) (rule not applicable to uninsured motorist arbitration award); *Reliance Universal v. Ernest Renda Contracting Co.*, 308 Pa.Super. 98, 454 A.2d 39 (1982) (rule not applicable in contract action).

For the foregoing reasons, we hold that Mr. Hodges is eligible to receive statutory benefits under 75 Pa.C.S.A. §§ 1753 and 1754 in the amount of $15,000.00 from the Assigned Claims Plan. We decline, however, to extend Pa. R.Civ.P. 238 delay damages to actions involving subchapter E, the Assigned Claims Plan, under the MVFRL.

Judgment affirmed.