J-A23036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RODNEY D. ARDOLINO AND TAMMY L. ARDOLINO, HUSBAND AND WIFE, AND MARIGOLD MANAGEMENT, LLC, A PENNSYLVANIA LIMITED LIABILITY COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| B.R. ASSOCIATES, A PENNSYLVANIA PARTNERSHIP AND DOLLAR BANK FEDERAL SAVINGS BANK | |
| APPEAL OF: MARIGOLD MANAGEMENT, LLC | No. 314 WDA 2018 |

Appeal from the Order entered November 2, 2017
In the Court of Common Pleas of Allegheny County
Civil Division at No: GD-15-017627

BEFORE:  BOWES, J., SHOGAN, J., and STABILE, J.

MEMORANDUM BY STABILE, J.:                **FILED JANUARY 7, 2019**

Appellant, Marigold Management, LLC ("Marigold"),[1] appeals from the

November 2, 2017 order entered in the Court of Common Pleas of Allegheny

---

[1] Although Rodney and Tammy Ardolino are listed as parties in the caption, they were dismissed from the action on March 7, 2016.  Appellant, Marigold, is the sole Appellant.

County, denying Marigold's request for declaratory relief relating to an easement.[2]  As the trial court explained:

> The case involves the right of Marigold to use an easement on a portion of [Appellee BR Associates'] real estate, known as and hereinafter referred to as Maple Lane.  Maple Lane is adjacent and parallel to the boundary between Marigold's property and [Appellee's] property.  The issues are whether a storm sewer inside the easement was contemplated by the Common Grantor[3] at the time the easement was created and whether Marigold may run a sewer line across that easement and tie into a storm sewer installed by [Appellee].

Trial Court Rule 1925 Opinion, 5/4/18, at 2.

In its declaratory judgment action, Marigold sought a declaration that it could run a sewer line across Appellee's property and tie into Appellee's sewer line.  Following a September 13, 2017 bench trial, the trial court denied Marigold's requested relief and granted Appellee's counterclaim.  The court "declare[d] that no easement exists for the benefit of [Marigold's] property which includes a right to install a stormwater drainage line across Maple Lane." Trial Court Decision, 11/2/17, at 5.  Marigold sought post-trial relief, which

---

[2] Appellant purports to appeal from the order of February 8, 2018, denying its post-trial motion.  While a party must file post-trial motions to preserve claims the party wishes to raise on appeal, an appeal after disposition of the required post-trial motion is properly taken from the order of declaratory judgment, which is the final order.  **Peters v. Nat'l Interstate Ins. Co.**, 108 A.3d 38, 41 n.2 (Pa. Super. 2014).  We have amended the caption accordingly to reflect that this appeal is from the order entered November 2, 2017.  **See** 42 Pa.C.S.A. § 7532.

[3] The "Common Grantor" is a reference to John F. Boyce and Grace A. Boyce, conveyors of a 1951 deed (the "Boyce Deed") to Leroy J. Opferman and Helen M. Opferman.

the trial court denied on February 8, 2018. This timely appeal followed. Both Marigold and the trial court complied with Pa.R.A.P. 1925.

Marigold asks us to consider five issues in this appeal:

I.     Did the trial court err by finding as fact, contrary to the evidence presented at trial, the findings of fact contained in its decision at Findings of Fact No. 2, 4, 6, and that the parties agree that the controlling language is in the 1951 deed from Boyce to Opferman, and that [Marigold's] property has a drainage easement created the same time as the separate easement known as Maple Lane by the Common Grantor (Boyce), thereby eliminating necessity?

II.    Did the trial court err by admitting evidence relating to stormwater conditions on [Appellee's] property and prior incidents of flooding of [Appellee's] property, over the objection of Marigold [] and considering such evidence in the decision?

III.   Did the trial court err in ignoring the decision and precedential value, in attempting to distinguish **PARC Holdings, Inc. v. Killian**, 785 A.2d 106 (Pa. Super. 2001), from the within matter, while acknowledging the law, as set forth in **PARC Holdings**, quoting **Dowgiel v. Reid**, 59 A.2d 115 (Pa. 1948), decided by the Pennsylvania Supreme Court, that provides that "an easement expressed in general terms may be used in any manner that is reasonably required for the complete and beneficial use of the dominant estate?"

IV.    Did the trial court err by determining that the **PARC Holdings** Court addressed easement by necessity, citing to **New York Central Railroad Co. v. Yarian**, 39 N.E.2d 604 (Ind. 1942), and determining that no necessity existed, because "[Marigold] already has a drainage easement" when Marigold['s] property is encumbered by an easement reserved to Boyce, Marigold['s] predecessor in title?

V. Did the trial court err by permitting the testimony of [Appellee's] engineering expert, over the objection of Marigold [] beyond the scope of his expertise as an engineer?

Appellant's Brief at 4-6 (some capitalization omitted and citation formats corrected).

With regard to declaratory judgment actions,

[o]ur scope and standard of review is well established. In **Fred E. Young, Inc. v. Brush Mountain**, 697 A.2d 984 (Pa. Super. 1997), we noted:

> When reviewing the decision of the trial court in a declaratory judgment action, our scope of review is narrow. **O'Brien v. Nationwide Mutual Insurance Co.**, 455 Pa. Super. 568, 689 A.2d 254, 257 (1997). Consequently, we are limited to determining whether the trial court's findings are supported by substantial evidence, whether an error of law was committed or whether the trial court abused its discretion, **Walker v. Ehlinger**, 544 Pa. 298, 300 n. 2, 676 A.2d 213, 214 n. 2 (1996).
>
> The test is not whether we would have reached the same result on the evidence presented, but whether the trial court's conclusion can reasonably be drawn from the evidence. Where the trial court's factual determinations are adequately supported by the evidence we may not substitute our judgment for that of the trial court. **Clearfield Volunteer Fire Department v. BP Oil**, 412 Pa. Super. 29, 602 A.2d 877, 879 (1992), *appeal denied,* 531 Pa. 650, 613 A.2d 556 (1992) (citations omitted).

**Id.** at 987. Moreover, the

> findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed on appeal absent error of law or abuse of discretion. When this court reviews the findings of the trial judge, the evidence is viewed in the light most favorable to the victorious party below and all evidence and

- 4 -

proper inferences favorable to that party must be taken as true and all unfavorable inferences rejected.

**Lane Enters. v. L.B. Foster Co.,** 700 A.2d 465, 470 (Pa. Super. 1997) (citations omitted).

**PARC Holdings, Inc. v. Killian**, 785 A.2d 106, 110 (Pa. Super. 2001).

The easement language at issue originally appeared in the Boyce Deed.

That deed conveyed a 1.097-acre parcel and included the following easement:

TOGETHER WITH the right of way over and across the within described Thirty (30) foot private street[4] for purposes of access to a public road[5]; together with a right of way in said Thirty (30) foot street to lay, repair and maintain a water line to the within described property from the main water line, said line to be buried at least Three (3) feet below the surface and to be located over the Northeasterly side of said private street.

EXCEPTING and reserving to the grantors herein, their heirs and assigns a right of way Five (5) feet wide along the present water line on the Easterly side of said line and along the Westerly side of property herein described for the purpose of laying, maintaining and repairing a drainage pipe line and gas line, the same to be buried at least Three (3) feet below the surface from the two lots still owned by the grantors herein, immediately to the South of the property herein conveyed.

Boyce Deed, 7/26/51.

As noted above, the trial court considered the effect of the easement in the bench trial conducted on September 13, 2017. At the conclusion of the trial, the court made seven findings of fact, three of which (Findings of Fact

---

[4-5] The street referenced in the deed is Maple Lane. The public road is Boyce Road.

Nos. 2, 4 and 6) are among the factual findings challenged by Marigold in its first issue.

In Findings of Fact 2, 4, and 6, the court determined:

> 2. The Boyce deed created Maple Lane for purposes of "access to a public road."

> 4. [Appellee] constructed a storm water drainage system on its own property and, we believe, off the easement that is Maple Lane.

> 6. [Marigold] has permission from all relevant governmental entities for its proposed use, a restaurant with parking, subject only to the condition that it get permission from [Appellee] to tie into its storm water drainage pipe.

Findings of Fact, Decision, 11/2/17, at ¶¶ 2, 4, and 6.

In its Rule 1925(a) opinion, the trial court conceded that its findings of fact may have been "inartfully stated," but countered that its "significant findings" are supported by a review of the evidence. Rule 1925(a) Opinion, 5/4/18, at 5. With respect to Finding 2, the court explained that the finding was taken from language of the deed itself and noted that the deed did not limit the grant to access only, but also granted a right of way "to lay, repair and maintain a waterline." *Id.*

Regarding Finding 4, the court acknowledged ignorance as to the exact location of Appellee's storm sewer. However, the exact location was not at issue. Rather, at issue was whether the easement entitled Marigold to build a short connecting sewer across Maple Lane and tie it into Appellee's private storm sewer. *Id.* As Appellee correctly observes, "[b]oth documentary and

- 6 -

testimonial evidence was presented indicating that the location of that private sewer line is on Appellee's property and outside of Maple Lane." Appellee's Brief at 21 (citing Notes of Testimony ("N.T."), 9/13/17, at 125 and Trial Exhibit 15).

As for Finding 6, the court recognized that Marigold obtained permission from the relevant governmental agencies for its proposed use—a restaurant with parking. However, that permission was implicitly subject to receiving permission from either Appellee or the court to tie into Appellee's water drainage pipe, an issue the municipality properly refused to consider. As the court explained, "Although the permission of [Appellee] may technically not be a 'condition' set by the municipality, it is still undisputedly crucial to [Marigold's] ability to provide the storm water system the municipality requires." *Id.*

Marigold contends the trial court also erred in stating the parties agreed the Boyce Deed contained the controlling language. As the trial noted, Marigold has not suggested any other deed includes language that controls. Moreover, Marigold's expert agreed that the Boyce Deed is the "operative document . . . for purposes of what was granted originally." *Id.* (quoting N.T., 9/13/17, at 34; *see also id.* at 58.)

Marigold also challenged the trial court's assertion that Marigold's property already had a drainage easement created at the same time Maple Lane was created. The trial court admitted its error in this regard, noting

there was not an easement but rather a reservation to the grantor of a five-foot right of way for the purpose of laying, maintaining, and repairing a pipe line and gas line. "Importantly, at the time of the [Boyce Deed], the *issue* of drainage was considered by the Common Grantor to be *separate* from the Maple Lane easement. The clear implication is that there was no contemplation at the time that *Maple Lane* would also be used for storm water drainage." ***Id.*** (emphasis in original).

We find support in the record for the challenged factual findings, with the exception of the trial court's admitted "ignorance" regarding the location of Appellee's sewer and its admitted misstatement regarding the existence of a drainage easement prior to the Boyce Deed. However, we agree with the court's own assessment that its "significant findings" do find support in the record, viewing the evidence in the light most favorable to Appellee as we are required to do. Therefore, Marigold's first issue fails for lack of merit.

In its second issue, Marigold asserts trial court error for admitting evidence relating to stormwater conditions on Appellee's property. "Generally, our standard of review of a trial court's evidentiary ruling is whether the trial court abused its discretion. ***Zieber v. Bogert***, [773 A.2d 758, n.3. (Pa. 2001)]. [If] the evidentiary ruling at issue turns on a question of law, however, our review is plenary. ***Id.***" ***Schroeder v. Jaquiss***, 861 A.2d 885, 889 n.8 (Pa. 2004).

We find no error in the trial court's admission of evidence regarding stormwater conditions. As the trial court explained:

> While some background testimony describing serious flooding of [Appellee's] property in 2013 was permitted over Marigold's objection, the court only viewed this as an explanation by [Appellee] that it is not objecting to Marigold's proposed use for frivolous or "dog in the manger" type reasons. [Appellee's] arguments and the court's decision rest strictly on the language of the [Boyce Deed].

*Id.* at 7 (some capitalization omitted). Appellant's second issue fails.

In its third issue, Marigold argues the trial court erred by distinguishing **PARC Holdings, Inc. v. Killian**, 785 A.2d 106 (Pa. Super. 2001), in which this Court examined various easement cases, including **Dowgiel v. Reid**, 59 A.2d 115 (Pa. 1948). We find no legal error in this regard, recognizing that the easement language in **PARC Holdings** is different from the easement language in the Boyce Deed.

In **PARC Holdings**, this Court recognized that the language in the deed reserved to the grantor a right of way "for ingress and egress" to certain lands owned by the grantor. **PARC Holdings**, 785 A.2d at 108. The issue was whether the scope of the easement included installation of utilities. Based on its review of relevant case law, the Court determined that the cases provided

> nothing more than examples of the application of the general rules of construction applicable to the grant of an easement. **These rules provide that if the location, size or purpose of an easement is specified in the grant, then the use of an easement is limited to the specifications**. *See Lease v. Doll,* 485 Pa. 615, 403 A.2d 558 (1979) and **Zettlemoyer v. Transcontinental Gas Pipeline Corp.,** 540 Pa. 337, 657 A.2d 920 (1995). If, however, the language of a granting deed is

ambiguous regarding these matters, then the intent of the parties as to the original purpose of a grant is a controlling factor in determining the extent of an easement. ***Zettlemoyer,*** 657 A.2d at 926.

***Id.*** at 111 (emphasis added). As for the language at issue in ***PARC Holdings***, the Court found that

> the wording of the reservation as to its purpose [is] ambiguous, as it generally defines its purpose in terms of providing mere access to the dominant estate by extension of a public road. The language does not specify a limited purpose to the access, such as "for the purpose of maintaining a water system" or "for pedestrian a vehicular travel only."

***Id.*** at 112. In contrast, the Boyce Deed was specific in granting a right of way over and across Maple Lane for access to Boyce Road and an easement for a water line, while also explicitly reserving to Boyce "a right of way Five (5) feet wide along the present water line on the Easterly side of said line . . . for the purpose of laying, maintaining and repairing a drainage pipe line and gas line." As such, it was specific, in contrast to the general, ambiguous language in ***PARC Holdings***, and "the use of [the] easement is limited to the specification." ***PARC Holding***, 785 A2d at 111 (citations omitted).

The trial court considered, and ultimately rejected, Marigold's contention that ***PARC Holdings*** controls, finding it was not on point. The court explained:

> In ***PARC Holdings***, the question was whether or not the words "for ingress and egress" permitted the grantee to extend its existing utility lines along the easement to the parcel it had acquired from the grantor for further development. The parties had originally agreed that the grantee would purchase a bigger parcel, but the grantor wanted to retain a smaller part of it for

- 10 -

herself. This resulted in the remaining parcel being landlocked. The easement at issue there was then created to solve that problem and the transaction was completed.

The grantor later opposed grantee's plans to lay utility lines within the easement, which lines were extensions of ones that already existed on the other land owned by the grantee. The trial judge held that credible evidence showed that both parties knew of the intent of the grantee and rejected the grantor's argument that the easement could only be used for pedestrians and vehicles. That decision was upheld.

The facts of this case are vastly different. First and foremost, there is no ambiguity in the [Boyce Deed]. It creates Maple Lane for access to a street (Boyce Road) from all the properties abutting it, and specifies the utility line (water) that may be placed inside the easement. Another utility, gas, is described as being off the easement as is the reserved drainage system.

* * *

[E]ven assuming the instant easement is regarded as being expressed in general terms, **PARC Holdings** states that such an easement "may be used in any manner that is *reasonably required* for the complete and beneficial use of the dominant estate" *as it existed at the time of the grant*, not "in this day and age." ***See PARC Holdings***, [785 A.2d at 114, quoting **Dowgiel** 59 A.2d at 118 (1948) (emphasis in original)]. Here, the supposed dominant estate, Marigold's property, already had a drainage easement reserved at the same time as the separate non-drainage easement on Maple Lane. Since the Common Grantor separately reserved a separate storm water drainage easement, *off Maple Lane*, leading to a creek somewhat further north of Boyce Road, the obvious intent was *not* to have storm water drainage from Marigold's property within the Maple Lane easement which is on [*Appellee's*] property. See also [N.T., 9/13/17, at 121-123] for a clear and credible explanation from [Appellee's] expert of why the drainage easement was reserved to the grantor.

Trial Court Rule 1925(a) Opinion, 5/4/18, at 7-8 (emphasis in original).

Appellant's third issue, relying on **PARC Holdings** and cases cited therein,

does not provide any basis for relief.

- 11 -

Marigold next argues that the trial court committed legal error by determining **PARC Holdings** addressed easement by necessity and by determining that no necessity existed because Marigold already had a drainage easement. The trial court rejected the assertion of legal error, noting, "Marigold has never contended that it does have an easement by necessity. This is not an issue in the case. We alluded to it only because the case cited by Marigold, **PARC Holdings**, also discussed easements by necessity and states that that law would also support its decision there[.]" **Id.** at 9 (citing **PARC Holdings**, 785 A.2d at 114, in turn citing **New York Central Railroad Co. v. Yarian**, 39 N.E. 2d 604, 605 (Ind. 1942)).[6]

As Appellee observed, Marigold's complaint did not request a declaration relating to an easement by necessity, and the trial transcript does not reflect the introduction of any evidence in support of such an easement. Because Marigold first raised the issue in its post-trial motion, the issue was not properly preserved. Moreover, even if Marigold had timely raised the issue of easement by necessity, it would have borne the burden of proving the existence of such an easement. It did not do so. Further, other than in circumstances where the property is landlocked, such as in **PARC Holdings**, an easement by necessity has not been recognized in Pennsylvania "for any

---

[6] As a point of clarification, this Court in **PARC Holdings** actually quoted **Dowgiel**, 59 A.2d at 118, which in turn quoted the Indiana case of **New York Central Railroad Co. v. Yarian**.

other purpose than for ingress to a piece of land and egress from the piece of land." **Youst v. Keck's Food Service, Inc.**, 94 A.3d 1057, 1076 (Pa. Super. 2014) (citation omitted). **See also Phillippi v. Knotter**, 748 A.2d 757, 760 (Pa. Super. 2000) ("the existence of an easement by necessity contemplates a situation in which a parcel of land is landlocked"). Ingress and egress are not at issue here and Marigold's property is not landlocked. Marigold's fourth issue, even if not waived, lacks merit.

In its fifth and final issue, Marigold claims the trial court erred by permitting Appellee's expert to testify beyond the scope of his expertise as an engineering expert. Again, as a challenge to an evidentiary ruling, we employ an abuse of discretion standard of review.

We find no abuse of discretion here. After the expert explained that he typically reviewed deeds in the course of surveying property, Appellee's counsel asked the expert if he reviewed the Boyce Deed. The following exchange took place:

> Q. And what was the importance of that deed in terms of your analysis?
>
> A. The importance of that deed is it marks the original creation or origination of several encumbrances that have been discussed here already. The creation of Maple Lane and also references of a five-foot drainage right-of-way to be reserved as well. So that's where we first see a description of the easement[s] that are the subject of today's issue.
>
> Q. In your opinion is that document concerning the creation of the rights at issue in this case?

A. Definitely. Here we see it and very clearly describes the intentions and –

N.T., 9/13/17, at 112.

At that point, Marigold's counsel objected, contending the expert was offering a legal opinion. *Id.* The trial court sustained the objection and suggested that counsel rephrase the question. Counsel explained that he was merely asking his expert if the Boyce Deed was a key document. The trial judge responded, "I will let that testimony in but move on." *Id.* at 113. Counsel continued his examination without further objection by Marigold's counsel. Therefore, we find Marigold's assertion of error without merit. Further, the expert's acknowledgement of the importance of the Boyce Deed was consistent with Marigold's own expert's testimony quoted above.

Responding to Marigold's contention of error, the trial court suggested that Marigold was implying the court should have given greater weight to Marigold's expert, an attorney, than to Appellee's expert, an engineer. The court dismissed that implication, stating it "did not rely on the legal opinions of either expert as it is the court's function and duty to make legal conclusions." Trial Court Rule 1925(a) Opinion, 5/4/18, at 9. As with its previous issues, Marigold's fifth provides no basis for relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/7/2019